Judge Wright
delivered the opinion of the court:
Two objections are made to the jurisdiction of this court:
1. The want of an appeal bond.
2. That the appeal, if taken, is from a voluntary nonsuit.
As to the first objection, it has been repeatedly decided that the •appeal bond, in due time and form, was necessaiy under our system to remove a cause by appeal from the common pleas; and whatever may be our individual opinions upon the expediency of those decisions, they have been made and acquiesced in, and it is improper for us to change them. The statute expressly provides that parties desirous of appealing from the judgments of the court of common pleas, shall do the following things to effect the appeal: 1. Give notice during the term when the judgment,is rendered, on the minutes of the court, of the intention to appeal. 2. File within thirty days after the last day of that term with the clerk a ■bond to the other party, in at least double the amount of the *503 judgment, conditioned to pay the condemnation- money and. costs in the Supreme Court, if judgment shall-be-entered there in favor of the appellee, and with security to be approved of by the clerk.. 29 Ohio L. 78. A compliance with these requisitions is held necessary to vaeate the judgment of the court of common pleas. The jurisdiction of the Supreme Court only attaches to the case when the judgment rendered in the court of common pleas has been thus vacated. If the parties to a judgment, after its rendition, should agree orally, or in writing, that the judgment was vacated, would such agreement have the legal effect of vacating the judgment ipso facto? Were suit brought on the original cause *of action after such agreement, and former recovery was [498 pleaded in bar, could the plea be avoided by replying over the agreement? Upon common legal principles the replication would be adjudged bad on demurrer. Judgments can not be discharged by parol; inchoate rights may be. We are asked in the ease at bar to take jurisdiction without evidence that the judgment of the common pleas has been vacated. That a compliance with the requisitions of the statute is essential to the jurisdiction of this court, has been held in Wilson v. Holman, 2 Ohio, 253; Bliss v. Ling, 5 Ohio, 276, and ante, 34, and by numerous decisions on the circuit not reported. A jurisdiction dependent upon the agreements of parties only constitutes the judges arbitrators; and if they act at all under such authority, they act as arbitrators — not as public ministers of justice. It is, however, insisted that a bond was in fact filed. It would be convenient if the clerks of tho common pleas would send up with the papers either the original bond or a copy of it. He is the judge of the sufficiency of the security, and should indorse on it the fact of his approval and the time of filing. These facts appearing in the proceedings certified up, the delays now so frequent, occasioned by disputes in relation to these facts, would be avoided, and this court would know whether its jurisdiction attached to the case. The fact of there being a bond in this case can be shown, if it exist.
Will an appeal lie from a voluntary nonsuit ? The act of assembly, 29 Ohio L. 75, provides for an appeal, when the court order a nonsuit by reason of the irrelevancy or insufficiency of testimony to support the plaintiff’s declaration, and where non-suit results from the courts arresting the testimony from the jury. All these cases, which are exceptions from the common rule, sup *504 pose the interposition of the court. This is essential to the appeal. The case before us shows no such interposition. The common rule does not allow an appeal from a voluntary nonsuit. It is, however, urged that by the docket of the judge presiding in the court of common pleas, it does appear that the court below ordered the nonsuit.
"We are asked to amend the entries of the court of common pleas so as to conform them to the minutes. We can only notice the proceedings of the court of common pleas when property certified to us. The objection made to such amendment, that it is matter of record, has no legal foundation. By the present law, 497] no record is made in the court of common *pleas, when a case is appealed, unless ordered by one of the parties; the original papers, with a copy of the journal and docket entries, are sent up. If the case, then, was appealed, there is probably no record — none of course, or without the special order of one of the parties, and no such order appears. Nothing remains in the common pleas but the docket and journal entries of the proceedings and judgment of the court. The docket kept by the presiding judge contains his original minutes of the doings of the court. It is from this the clerk generally makes his journal entries. We see no impropriety in that court correcting the mistakes of their clerk in transcribing these minutes — correcting them by the original entries. It would be strange if the law prohibited such correction. The whole proceedings of the court of common pleas, if the cause has been appealed, is in paper, and may be examined, and any error of fact corrected. The decision on the motion may be suspended, to afford time to examine into the matter.
But the suit was commenced in August, 1823; the fourth count in the declaration alleges the words to have been spoken at the next term after when the declaration was filed. While examining, it may bo well for counsel to inquire how to avoid this difficulty.