Lucas v. Cassaday.

## LUCAS v. CASSADAY.

Where execution returns show that sufficient property was levied upon, and appraised to satisfy the judgment, the constable who made the levy and return is not a competent witness to prove that the execution was not satisfied by the levy.

After levy by execution on goods and chattels, sufficient to satisfy the judgment, the defendant in the execution is divested of his right to the property; and the officer making the levy, becomes liable to the plaintiff for

Lucas *v.* Cassaday,

the debt if he fail to perform his duty according to the requirements of law, or be released by the plaintiff.

After a return by the officer, that property sufficient to satisfy the judgment has been levied on, the defendant in the execution is, *prima facie*, discharged from the debt.

In a trial before a probate court, to charge an estate with an old judgment which is claimed to have been satisfied by a levy of property, proof is admissible to show that one of the defendants in the judgment was a security, and that the principal became insolvent after his property was levied upon to satisfy the judgment.

## *Error to Van Buren District Court.*

*Opinion by* WILLIAMS, C. J. This case came up by appeal, from the decision of the probate court of Van Buren county. The facts of the case appear in the bill of exceptions. John Lucas assignee of William Willis, brought his suit against David Cassaday and William Cassaday, on a promissory note drawn in favor of said Willis, for twenty-five dollars payable in pork, at the customary price, to be delivered at Keosauqua, on, or before the 25th day of December 1844. The note bears date September the 15th 1844. On the 24th of October 1844 the note was assigned by indorsement, in writing by said Willis to John Lucas. On the 28th day of May 1845 suit, to enforce the payment of the note was instituted by Lucas against the payers, before a justice of the peace, and judgment by default was rendered against the defendants, for the sum of twenty-five dollars with interest and costs of suit. Upon this judgment an execution was issued on the 9th day of June 1845, and put into the hands of a constable, and returned with the following indorsed as his return thereon; "not satisfied, one wagon held under execution appraised at fifty dollars." On the 27th of April 1846 another execution was issued and returned by same constable "not satisfied." On the 26th of April 1847, another execution was issued and put into the hands of a constable, and by him returned on the 22d of May, "no property found." This being the statement of the facts of the case as presented to the district court, from the

record of the justice of the peace, the plaintiffs in the next place offered to introduce the parole evidence of Richard B. Abernethy, the constable, who took the wagon on the first execution as appeared by his return, to prove that he had re-delivered the wagon, levied on, to the defendant, without satisfaction of the same or any part thereof. The defendant's counsel objected to this witness, as incompetent, on the ground that he could not be allowed, by his own testimony, to throw the debt upon the defendant and thus discharge himself from liability to pay the plaintiff's debt; or from accounting for the wagon with which by his official return, he now stands legally charged; and claims that the official return of the constable could not be thus contradicted. The court refused to allow the witness to testify as offered. To this ruling of the court the counsel for the plaintiff excepted, and thereupon rested his case. The defendant's counsel then offered to prove on his part that William Cassaday deceased, and whose administrators are defendants in this suit, was the security of David Cassaday, who died since the making of the note sued on, and that his estate is insolvent, and that the plaintiff knew this fact; and also that the wagon levied on was the property of said David, which fact the plaintiff also knew. To this evidence plaintiff's attorney objected. The objection was overruled by the court, on the ground that this was a proceeding in the probate court, under the intestate laws, and of such a nature "that any defence either at law, or in equity, might be set up to defeat his claim." The evidence was therefore received, and tended to prove said facts. To this ruling of the court, the plaintiff's counsel excepted. The case was submitted to the court without a jury by agreement. The court found the facts to be as stated in the transcript of the justice, and the return of the probate court, and held that the wagon taken on execution, being of sufficient value to satisfy the judgment, and no account having been given of the disposal made of it, that the judgment was, *prima facie*, satisfied, and gave judgment

for the defendant; to which the plaintiff's counsel excepted. The following errors were assigned:

1st. "The district court erred in excluding the testimony of Richard B. Abernethy, a witness offered on the part of the plaintiff."

2d. "The district court decided that the returns of the constable, mentioned in the justice's transcript were, *prima facie*, evidence of the satisfaction of the judgment; and refused to permit plaintiff to explain the returns aforesaid by other testimony."

3d. "The district court permitted proof that one of said defendants was security, and that the principal was insolvent as set forth in the bill of exceptions."

The first error assigned is predicated upon the fact, that Abernethy the constable, who took the wagon of the defendant as a levy on the execution to satisfy the plaintiff, was a competent witness to make the estate of William Cassaday amenable in law, for the payment of the claim or debt of the plaintiff, on the judgment upon which this proceeding was instituted. Was he a disinterested witness, and on this score competent to testify for the purpose proposed? We think he was not. It appears by the record of the justice before whom the judgment was obtained, that he was the constable into whose hands the execution was put; that he proceeded in the performance of his official duty so far as to make a levy on a wagon, the property of David Cassaday, one of the defendants in the execution. Here his official proceedings, so far as the proper disposal of the property levied on is concerned, ceases; except that by his returns it appears that the property seized on execution, was appraised at fifty dollars, which sum was amply sufficient to satisfy the execution. It is true, that after the lapse of nearly a year, another execution was put into his hands, and by him returned "not satisfied;" and that one year after this last return, a third execution was issued to his successor in office and returned "no property found." The returns do not show what disposal was made by him of the pro-

perty of the defendant, which by his return was legally in his hands, to be appropriated to the satisfaction of the judgment of the plaintiff, for whom by virtue of law he acted officially, and to whom he stood accountable for the faithful performance of his duty as constable. *Rev. Stat.* 330, §§ 2, 4; Laws of 1844, 44. The constable was bound to proceed in accordance with law, without delay or neglect of duty, to make the money on the execution to satisfy the debt of the plaintiff, by levy on the goods and chattels of the defendant, and having made the levy, he becomes answerable to the plaintiff for the avails, unless he be released by the plaintiff's own act, or can show that he has disposed of it in due course of law. The facts in this case clearly show that the property taken in execution by him, was sufficient to pay the full amount of the judgment: and that he by failing to account for the property levied, became liable to the plaintiff in execution, on his official bond. In 4 Mass. 402, chief justice Parsons says: "When goods sufficient to satisfy the judgment are levied or seized on a *fi. fa.* the debtor is discharged, even if the sheriff waste the goods or misapply the money arising from the sale, or does not return his execution. For by lawful seizure, the debtor has lost his property in the goods." For the like doctrine, see Minots Digest, 320. And as to the effect of a levy by execution, see 6 Ohio 490, and Laws 1844, p. 46, § 4. A uniform concurrence of decisions by the courts of our country, will be found to establish fully the doctrine, that after levy by execution, made on goods and chattels, sufficient to satisfy the judgment, the defendant in the execution is divested of his right to the property, and the officer making the levy becomes liable to the plaintiff for the debt, if he fail to perform his duty according to the requirements of the law, or be not released by the plaintiff. It matters not in this case, whether this levy was made under the appraisement law or not. In either state of the case, the constable has clearly failed to show by any legal means whatever, how he has disposed of the levy. To allow the

constable, two years after making his return officially, to come in as a witness for the plaintiff in execution, and by his evidence contradict, or explain away his return, to procure the payment of the indebtedness out of the effects of the defendant's estate, would be subversive of the plainest principles of justice and in violation of the law of evidence. Persons holding places of public and legal trust, should be held to a faithful performance of their duty. We consider that the district court, by excluding the witness as offered in the case at bar, ruled correctly.

As to the 2d asssignment of error; we have already said enough on the question involved in the first, to dispose of this. The ruling of the court below, deciding that the return of the constable, was, *prima facie*, evidence of the satisfaction of the judgment, so far as the defendant is concerned, we think, has been shown to be correct in law. The same principles of law are involved in the questions presented by both assignments, and they depend upon the same facts. The constable having seized the defendant's property by virtue of the execution, and returned the levy so made as sufficient to pay the plaintiff's judgment, the defendant thereby lost his property in the wagon levied on, and clearly, he was, *prima facie*, discharged from the debt. The court decided correctly in refusing to allow the plaintiff, by the testimony that was offered, to explain away the legal effect of his official return to the execution.

The 3d assignment of error complains of the ruling of the district court, in permitting the defendant to show by evidence, that the defendant, whose estate the plaintiff in this proceeding seeks to charge with the payment of this debt, was not the principal, but merely the security in the original contract; and that the principal therein died insolvent after the levy was made.

This being a proceeding under the intestate laws, we cannot discover any thing erroneous in this ruling of the court below. The action of the court, in this matter, was, we think, in accordance with the provisions of the law,

defining the jurisdictional power of probate courts in this state. In this proceeding the defendant might avail himself of any defence proper in law, or equity. The evidence admitted by the court, we think, might tend to establish a release from the claim of indebtedness, as set up by the plaintiff. But the bill of exceptions expressly shows that this cause was submitted to the court, without the intervention of a jury by agreement; and the judge there states that the decision and judgment rendered by the district court was founded on the transcript there referred to, and of record in the case, without reference to any thing else. We can see nothing under this assignment to warrant us in reversing the judgment.

Judgment affirmed.

*Jas. H. Cowles*, for plaintiffs in error.

*A. Hall*, for defendant.