Burns v. Keas.

*Winslow & Lindley* for the plaintiff.

*G. K. Sharp* for the defendants.

---

## BURNS *et al.* v. KEAS, Adm'x.

1. **Executor and administrator:** APPEAL. When a claim against an estate has been allowed in favor of an administrator, the heirs interested may apply for and prosecute an appeal in their own names.

2. —— LIMITATION. The statute contemplates that the appeal when applied for to the District Court shall be *allowed* within one year from the date of the act complained of; but when the party applies for the appeal within the year, and is without fault, either in making the application or prosecuting the same, he is not concluded if the order allowing the same is not made until after that time.

3. —— APPEARANCE. A defendant was made a party to the petition as administratrix of two estates, and as such appeared and defended, notwithstanding she was served as administratrix of but one; *Held,* That her voluntary appearance as the adverse party waived an insufficiency in the service.

*Appeal from Dubuque District Court.*

THURSDAY, JANUARY 25.

EDWARD KEAS was the administrator, duly appointed, of the estate of his wife, Margaret Keas, September 8, 1863. He presented to the county court of Dubuque county, and had allowed against said estate, a claim in his favor, of one hundred and seventy odd dollars. This claim was made up, in good part, of money paid in the last sickness, and for the funeral expenses of said Margaret. A special administrator was appointed by the County Court to defend the interest of said estate against said claim. The record shows that he appeared, and that the claim, after due hearing, was allowed. The husband died, and his daughter, Catharine, was appointed administratrix of his estate, and administratrix *de bonis non* of her mother's estate.

August 16, 1864, the present petitioners, the only heirs of the mother (Margaret Keas) filed their petition in the District Court, asking an appeal from the order making said allowance, for reasons therein stated. In this petition the double administratorship of said Catharine is stated, and she (using the language of the pleader) " is therefore made party defendant herein." Notice of the pendency of this petition was issued to the said Catharine, as administratrix *of her mother's estate*, and in no other capacity. She appeared and demurred to the petition; the demurrer was overruled, the prayer of the petitioner allowed, and defendant appeals.

*Wilson, Doud, Monroe* and *Deery* for the appellant.

*B. W. Poor* for the appellees.

WRIGHT, J. — This case is not important in itself, and yet it presents several questions (owing to the state of the

record) of no little difficulty. As our rulings thereon will, because of the peculiar facts of the case, hardly furnish a precedent for subsequent cases, we shall state briefly and generally, without entering into the reasons therefor, our conclusions upon the several points made.

I. Where a claim has been allowed, as this one was, in favor of the administrator of an estate, the heirs interested may apply for and prosecute an appeal in their own name. Assuming that they *might* prosecute the same in the name of the "administrator temporarily appointed" to defend against the claim, this would not, in our opinion, prevent them, at their election, from applying for the appeal in their own names.

*1. EXECU- TOR AND ADMINIS- TRATOR: appeal.*

II. While the statute contemplates that the appeal, when applied for to the District Court, shall be *allowed* within one year from the act complained of, it must have a reasonable and consistent construction, and therefore, where the party applies for the appeal within the year, and is without fault, either in making his application or prosecuting the same, he is not to be concluded, if the order allowing the same is not made until after that time. To hold that the *allowance* must be made within the year, without reference to the time of the application, would place it in the power of a litigious adverse party to defeat an application, though based upon the clearest equity and right, in the face of the plain object and policy of the statute. See *Miller* v. *Heirs of Reynolds*, 14 Iowa, 100.

*2. —— limit- ation.*

III. Defendant was made a party, by the petition, as administratrix of both estates. As such *defendant* she appears and defends. In this condition of the record (assuming that she, as *administrator of her mother's estate, could* object for want of service upon her, as administratrix of her father's estate, of which there is much doubt) we think she is in court as the party *adversely interested*, within the meaning of the statute.

*3. —— ap- pearance.*

IV. That the petition shows good cause for a failure to claim the appeal within thirty days, and that the case requires revision, we entertain no doubt. Petitioners knew nothing of the allowance of the claim; and without undertaking to prejudge the case upon its merits, we may be permitted to say that it seems most extraordinary that a husband should be allowed, for money paid in giving his wife decent sepulture, and for medicine and food in her last or any illness.

Affirmed.