| 5   | 621 |
| --- | --- |
| 6   | 94  |
| 6   | 117 |
| 19* | 197 |
| 21* | 401 |
| 21* | 461 |

UNITED STATES, RESPONDENT, v. THOMAS F. HARRIS, APPELLANT.

CRIMINAL LAW.—POLYGAMY.—PROOF OF SECOND MARRIAGE.—On the trial of a defendant for polygamy, admissions by the defendant, recognition by him of the marriage relation, cohabitation by him with the alleged second wife and testimony tending to show an agreement to be husband and wife, from the time the agreement was made and the cohabitation begun, *held*, sufficient to justify a verdict of guilty.

ID.—ID.—INSTRUCTIONS AS TO PROOF OF MARRIAGE.—An instruction that the jury "might take the facts of cohabitation and the birth of a child, as proofs of marriage, it being a conceded fact that illicit intercourse had been carried on both before and after the alleged marriage ceremony," coupled with the instruction that the cohabitation and birth of a child would not amount to marriage in itself and that the jury should consider the evidence all together and give no part of it undue weight, *held* not to be erroneous.

APPEAL from a judgment of conviction of the district court of the third district, and from an order refusing a new trial. The opinion states the facts.

*Mr. Arthur Brown*, for appellant.

*Mr. George S. Peters*, for respondent.

HENDERSON, J.:

The defendant was convicted, in the third district court, of the crime of polygamy. He made a motion for a new trial, which was overruled. Judgment was passed, and he appeals to this court from the order overruling his motion for a new trial, and from the judgment.

The motion for a new trial was made upon the ground that the evidence did not justify the verdict. The jury are the judges of the facts, and in order to justify this court in reversing the order refusing a new trial it must appear that there was an entire absence of evidence, or that the evidence so clearly preponderates in favor of the

prisoner as to suggest the possibility that the verdict was the result of misapprehension or partiality. It is not enough that the court might have arrived at a different result. *People* v. *Ah Loy*, 10 Cal., 301; *Mengis* v. *Manufacturing Co.*, 10 Fed. Rep., 665; 2 Grah. & W. New Trials, 80; Hil. New Trials, 92, sec. 13. It is contended that the testimony failed to show a marriage in form with the plural wife *in praesenti*, as distinguished from a promise to become husband and wife in the future. There was evidence tending to show cohabitation. Admissions of the defendant, and recognition by him of the marriage relation, and the testimony of the plural wife, may possibly be construed to show an agreement to be husband and wife from the time the agreement was made and the cohabitation begun; and, under all the circumstances of the case, we are not prepared to say that the jury were not warranted in finding that the plural marriage was established, although the verdict would have been much more satisfactory to us on this evidence if it had been the other way. But we think it is a matter within the province of the jury, who saw the witnesses, and are the judges of the facts, and that we cannot disturb their finding. It is also claimed that the court erred in charging the jury that "they might take the facts of cohabitation, and the birth of a child, as proofs of marriage, it being a conceded fact that illicit intercourse had been carried on both before and after the alleged marriage ceremony." The proofs tended to show that occasional acts of illicit intercourse took place between the parties, the defendant and the alleged plural wife, before the alleged marriage, and that after the marriage they lived together as husband and wife, and that a child was begotten and born, and the court below instructed the jury that "* * * you have a right, gentlemen of the jury, to take into consideration any circumstances in evidence which in your judgment tend to prove or disprove the marriage. You have a right to take into consideration, in determining whether a marriage contract was made, such as I have stated to you, the fact, if you believe it from the evidence, that they did cohabit, and that a child was born as the result of that cohabitation. You

have a right to take those circumstances into consideration, if you believe that they did actually cohabit, and that a child was born in consequence of it; but the cohabitation and birth of the child would not amount to marriage in itself. * * * In weighing the evidence, you should consider it all together, and give to each part such weight as you think it is entitled to under all the circumstances in evidence. It is not proper to pick up any particular portion of the evidence, and give it undue weight; to take into consideration some portion of the testimony, and leave out of view some other; but you should consider it all together. * * *" Taking these instructions together, the jury were told that, with all the other circumstances of the case, they might consider the fact of cohabitation as bearing upon the question of marriage, and give it such weight as they thought it ought to have. And this, we think, was proper, especially in view of the fact that, while the evidence tended to show occasional acts of intercourse before the alleged marrage, it tended to show open recognition by the parties themselves of the marriage relation, and continuous cohabitation as husband and wife only thereafter. We think the case was fairly given to the jury, and that we cannot disturb the verdict. The judgment and order appealed from are affirmed.

ZANE, C. J., and BOREMAN, J., concurred.