## FINKE v. ZEIGELMILLER et al.

**Highways:** ESTABLISHMENT: APPEAL: NOTICE: JURISDICTION. The provision of section 959 of the Code, providing that if a highway is established on condition that the petitioners therefor pay the damages allowed, notice of appeal by one claiming damages must be served on the four persons first named in the petition for the highway, if there are so many who reside in the county, is mandatory, and without such service the district court has no jurisdiction to entertain the appeal. It is immaterial whether or not such persons are interested in the appeal

*Appeal from Des Moines District Court.* — HON. CHARLES H. PHELPS, Judge.

FILED, MAY 9, 1889.

PROCEEDING for the establishment of a highway. There was an appeal to the district court from the allowance of damage. The district court dismissed the appeal, and gave judgment for the defendant. The plaintiff brings this appeal.

*Antrobus & McArthur,* for appellant.

*Seerley & Clark,* for appellees.

GRANGER, J.—On September 14, 1887, the board of supervisors of Des Moines county established a highway upon condition that the petitioners should pay to the plaintiff damages to the amount of one hundred and seventy-five dollars. From this allowance of damages

the plaintiff attempted an appeal to the district court, and the sufficiency of that appeal is the question before us. The first four names on the petition are L. Zeigelmiller, J. Landeck, H. Scheib and F. Schnittger. There was an acceptance of service of a notice of appeal by the auditor of the county, September 16, 1887, and on the next day a notice was served on Henry Wehage and Henry Scheib, and on October 7, 1887, a notice was served on L. Zeigelmiller. In the district court the defendants moved to dismiss the appeal, for the reason that no notice had been served as required by law, and the court was without jurisdiction; which motion was sustained, and this ruling presents the only question for us. Code, section 959, provides that "any applicant for damages claimed to be caused by the establishment of any highway may appeal from the final decision of the board of supervisors to the circuit court of the county in which the land lies, but notice of such appeal must be served on the county auditor within twenty days after the decision is made. If the highway has been established on condition that the petitioners therefor pay the damages, such notice shall be served on the four persons first named in the petition for the highway, if there are that many who reside in the county." It will be observed that there was not a compliance with this section as to a service on the "four persons first named in the petition." Of this fact there is no dispute in argument, and appellant's contention is that the statute is directory in respect to this service on the four persons named, and that a service upon a less number answers the requirements of the law. Proceedings of this character to an unusual degree affect and interest the general public, which is probably one reason for the statutory requirement. But, in the absence of doubtful interpretation on questions of jurisdictional importance, it is not necessary for us to inquire after the reasons for the enactment. The legislative intent is clearly expressed, and it goes directly to the jurisdiction of the court. *Ita lex scripta est* is of absolute significance in this respect.

It will be observed that one H. Wehage was served with a notice of appeal, and it is made to appear that he is the one having the greatest direct interest in the highway proposed to be established, and has already deposited the allowance of one hundred and seventy-five dollars for the plaintiff, and it is urged in argument that the statute should have a "sensible" construction; that when the county is not responsible for the damage, and where the party who, under the provisions of the order establishing the road, must pay the damage is served, the court will take jurisdiction. A reference to the law will show that, in a case of that kind, the service is required on the four persons first named in the petition. Jurisdiction is all-important to the action of the court. It is obtainable only in the manner provided by law. The statute is its only refuge in this respect, and wherein it does not provide for jurisdiction it has none, and wherein it does so provide it has it only by an observance of its requirements. The statute does not provide for a service on the party interested, but upon certain petitioners, without reference to the extent of their interest. We think the most sensible construction to give the law is to observe its plain requirements. The service was not sufficient to give the district court jurisdiction, and its judgment dismissing the appeal is

AFFIRMED.