L. E. Sutton, Appellant, v. Bower & Perkins, Appellees.

Appeal bond: DEFECTS: RIGHT TO FILE NEW BOND.  On appeal from a
justice, a bond which names as obligee a party different from the
party to the action against whom the appeal is prosecuted, does not
confer jurisdiction and the district court has no authority to per-
mit the filing of a new bond after the expiration of the statutory
period for filing the same.

*Appeal from Kossuth District Court.*— Hon. W. B. Quar-
ton, Judge.

Thursday, April 7, 1904.

The opinion states the case.— *Reversed.*

*E. A. Morling* and *E. V. Swetting,* for appellant.

*McCarthy & Lee* and *F. M. Curtis,* for appellees.

Weaver, J.— The defendants, Bower & Perkins, were
parties to a written contract with one J. L. Sutton.  The
latter assigned his interest in the contract to L. E. Sutton,
who brought suit upon it against Bower & Perkins before a
justice of the peace of Kossuth county.  On the return day
the defendants entered an appearance to the action, and,
trial being had, judgment was rendered against them.  There-
upon, on same day, defendants undertook to perfect an ap-
peal to the district court, and filed a bond for that purpose.
The bond was in due form, and sufficient in all respects, ex-
cept that it named J. L. Sutton as the obligee, instead of L.
E. Sutton, who was the plaintiff in the action.  The justice
of the peace approved the bond, and forwarded a transcript
of his docket entries in the case to the office of the clerk of
the district court.  At the next term of the district court the

plaintiff moved to dismiss the appeal because no bond had been filed as provided by law. This motion was overruled, and, over plaintiff's objection, defendants were permitted to file another bond. From these rulings the plaintiff appeals.

The action taken by the district court is sought to be sustained under Code, section 357, which provides that no defective bond shall prejudice the party giving it, if within a reasonable time after discovery of the defect, it shall be so rectified as not to materially injure the other party. In our judgment, the statute cited is not applicable to a case like the one at bar. To entitle the defendants to an appeal, and to give the district court any jurisdiction, it was necessary that an appeal bond for the benefit of the plaintiff, L. E. Sutton, be filed and approved within the limit of twenty days. No such bond was made or filed until after the time for an appeal had passed. The bond actually filed named J. L. Sutton — another and different person — as obligee. If the bond had run to the proper obligee, so as to have been entitled to be considered a bond in that action, then any mere informality or irregularity could, without doubt, be cured by amendment; but, until a bond sufficient to invoke the jurisdiction of the district court has been furnished, there is nothing to amend. The case is fairly within the principle applied in *Minton v. Ozias,* 115 Iowa, 148, where the bond had been duly signed by the appellant. In the district court it was discovered that the bond had not been signed by a surety, as provided by law, and we held the district court was without jurisdiction to permit the filing of a new bond or to try the case. Many of the authorities cited by counsel for appellant from other States are in point. See, especially, *Lovitt v. R. R.,* 26 Kan. 297; *Vaill v. Town Council,* 18 R. I. 405 (28 Atl. Rep. 344); *Larson v. R. R.,* 5 Utah, 621 (19 Pac. Rep. 196); *St. Louis Ry. v. Neal,* (Tex. Civ. App.) 65 S. W. Rep. 49; *Long v. Smith,* 39 Tex. 160; *Nones v. McGregor* (Tex. Civ. App.) 35 S. W. Rep. 1083.

The cases cited by appellees (*Brock v. Manatt,* 1 Iowa,

128; *Mitchell v. Goff,* 18 Iowa, 424) involved bonds differing materially from the one now under consideration. In the Brock Case the bond was duly signed, and was between the proper parties, but in the body of the instrument the plaintiff was mentioned as defendant, and the defendant as plaintiff. This was properly held to be such an evident clerical error as might be corrected under the statute. In the Mitchell Case the bond was perfect in form and substance, save that the language of the condition varied slightly from the words of the statute — a variance which the court says was probably immaterial. In neither case was the bond made to a person not a party to the action, nor did it omit any of the statutory essentials required for the perfection of an appeal. On examining the record, it is quite clearly indicated, though not expressly stated, that the defendants were residents of Story county, and that, before going to Kossuth county to appear to the action before the justice of the peace, they prepared and took with them, or forwarded to their counsel, the appeal bond, in anticipation of a possible adverse judgment. It would also seem probable that they failed to notice that the Sutton bringing the action was not the same Sutton with whom their contract had been made, and thus were led to name the latter, instead of the former, as the obligee in the bond. It was an unfortunate mistake, but the fact remains that the bond was not given to the party who was entitled to be secured on the appeal. Were the case one where there was no confusion in persons, but a mere mistake in the initial letters or Christian name of the obligee, there could be no serious question of the right to amend. As it is, we think the rulings appealed from were erroneous, and the judgment below is REVERSED.