P. E. JOHANNSEN and H. E. JOHANNSEN v. CITY OF COLFAX, IOWA, et al., Appellants.

Municipal corporations: SPECIAL ASSESSMENTS: APPEAL BOND. The statute providing for appeal from the special assessment of property to the district court, and requiring the filing of a cost bond to be fixed and approved by either the mayor or clerk of the city within ten days, is mandatory, and the appeal is not perfected without the filing of the bond within the required time.

Same: APPEAL BOND: FILING. No affirmative duty is imposed upon either the mayor or clerk to fix the amount of the appeal bond in such cases, and neither is required to act until called upon to do so; and the fact that the mayor, when served with notice of the appeal, endorsed on the notice the amount of the bond but did not notify the appellant or his attorney of the same, did not relieve the appellant from the affirmative duty of having the amount of the bond fixed, and of filing the same within the statutory time.

*Appeal from Jasper District Court.*—HON. K. E. WILCOCKSON, Judge.

THURSDAY, OCTOBER 23, 1913.

MOTION to dismiss appeal from special assessment of property was overruled. The defendants appeal.—*Reversed.*

*D. Myron Tripp,* for appellants.

*W. O. McElroy,* for appellees.

LADD, J.—The city council of Colfax by resolution adopted October 30, 1911, levied a special assessment against realty of appellees. Notice of appeal therefrom was served on the mayor of the city November 4th following, and a few days later the mayor on his own motion indorsed on the back of the notice the words, "Appeal bond fixed at $100," but. did not notify plaintiff or his attorney thereof. A bond in this amount was tendered the city clerk December 16, 1911, which he refused to approve because presented too late. Because of the bond not having been filed within ten days after the levy of the special assessment, the defendants moved that the appeal be dismissed. This motion should have been sustained. Section 839 of the Code provides that: "Any person affected by the levy of any special assessment provided for in this chapter may appeal therefrom to the district court within ten days from the date of such levy, by serving written notice thereof upon the mayor or clerk, and filing a bond for costs, to be fixed and approved by either of said officers."

*1. MUNICIPAL CORPORATIONS: special assessments: appeal bond.*

To effect an appeal, it was quite as essential that the bond be filed within the time specified as that notice of appeal be served. *Lynch v. Bruner,* 99 Iowa, 669. In other words, to effect an appeal, the statute authorizing it must be complied with. *Finke v. Zeigelmiller,* 77 Iowa, 251; *Ellis v. Carpenter,* 89 Iowa, 521. Had plaintiffs done all required of them within proper time, possibly they might not be deprived of an appeal by the failure of an officer to perform his duty. See *Burns v. Keas,* 20 Iowa, 16; *Dobson v. Dobson,* 7 Neb. 297.

But the statute quoted imposes no affirmative duty on either the clerk or mayor. Either may fix the amount of and approve the bond, or one may fix the amount of and the other approve the bond. Neither is bound to assume that either act is required of him until requested, and until then is under no obligation to act. The service of the notice of appeal may have been an intimation

*2. SAME: appeal bond: filing.*

that appellant would wish the amount of the bond fixed and, when prepared, approved by the mayor or clerk; but, as the latter could do either, there is no ground for saying, as the district court seems to have held, that upon the service of notice that duty necessarily devolved upon the mayor. As either the clerk or mayor might have done so, a request was essential to create the duty, and this the plaintiffs are not shown to have made. The time, then, within which the bond must have been filed was not extended by the failure of either to perform any duty connected therewith, and, as it was not filed within the ten days after the assessment, an appeal therefrom was not effected. The motion to dismiss should have been sustained.—*Reversed.*

WEAVER, C. J., and PRESTON and GAYNOR, JJ., concur.