CITY OF FAIRFIELD, Appellee, v. JEFFERSON COUNTY, Appellant.

**MUNICIPAL CORPORATIONS:** Special Assessments—Appeal from Levy—Jurisdictional Matters—Waiver.   Jurisdictional requirements to an appeal cannot be waived.

> PRINCIPLE APPLIED: A city levied against a county special assessments for paving. The county served notice of appeal. The city clerk over his signature waived the filing of an appeal bond by the county. The case was entered on the appearance docket. The matter was passed for two full terms, at which time the city moved to dismiss for failure to file bond. Sustained. *Held,* neither the act of the clerk in assuming to waïve, or the delay of the city, acted as a waiver of the jurisdictional requirement that the bond be filed as required by Sec. 839, Code.

*Appeal from Jefferson District Court.*—HON. F. M. HUNTER, Judge.

TUESDAY, FEBRUARY 9, 1915.

APPEAL from an order of the trial court dismissing an appeal attempted to be perfected from a special paving assessment made against the defendant county, by the council of the city of Fairfield, because of the failure of the appellant county to give a bond for the appeal.—*Affirmed.*

*Leo D. Thoma* and *Ralph H. Munro,* for appellant.

*R. C. Leggett* and *Leggett & McKemey,* for appellee.

DEEMER, C. J.—I. The city council of the city of Fairfield, having ordered the paving of certain streets in said city

at the expense of the property abutting upon said streets, a

**1. MUNICIPAL CORPORATIONS: special assessments: appeal from levy: jurisdictional matters: waiver.** part of which property was owned by Jefferson County and used by it for court-house purposes, after the construction of said pavement made an assessment against said county property in a sum exceeding $6,000. This was done over written objections filed by said county with the city council. The assessment was made and confirmed on April 21, 1913. On the 28th day of the same month, the county gave notice to the city of Fairfield of appeal to the district court. Service of the said notice was accepted by the city clerk in writing and is as follows:

"Service of the foregoing notice is hereby accepted and copies of the same received this 28th day of April, 1913. The requirement for filing bond for costs on the part of said county is hereby waived by the city of Fairfield, Ia."

W. L. Long,
City Clerk of the City of
Fairfield, Iowa.

The notice with this acceptance was filed with the clerk of the district court on the day of its acceptance, and a case entered upon the appearance docket on the same day; and at some time thereafter, the date not being clearly shown, the clerk entered the name of R. C. Leggett, Esq., as attorney for the city.

This was done by direction of said Leggett. The case was docketed during the April term of court, and without anything being done in the case, two regular terms of court passed; but on the second day of the third term (held in February of the year 1914), the defendant (city) filed a motion to dismiss the appeal because of the failure of the county to comply with the requirements of Sec. 839 of the Code, and of its failure to give bond for costs as required by law.

The county resisted the motion and pleaded waiver by the city clerk of the giving of bond for costs.

The city denied the waiver; and expressly challenged the right or authority of the clerk to make any such waiver. The court, after hearing the motion and the proofs offered pro and con, sustained the same and ordered the appeal dismissed at the cost of the county. Thereafter, such proceedings were had as to permit the county to file a transcript of the record made by the city council in the matter of the assessments. This transcript was not ordered or prepared by the city clerk prior to February 11, 1914, and it was not filed until some eight or nine days thereafter; and the motion to dismiss the appeal was ruled on, on the 6th day of February, 1914. On the 20th day of February, 1914, the trial court made the order permitting the filing of the transcript, but it refused to set aside its order on the motion to dismiss the appeal.

At the time this final order was made, the attorneys for the city admitted that the county had tendered to the court a good and sufficient bond for costs in the sum of $100 as of the date of the last order, which was the one permitting the filing of the transcript; but the court refused to set aside the order of dismissal, which had been made on the 6th day of February of the same year.

The appeal challenges each and all of these rulings, save the one permitting the appellant county to file a transcript of the record.

Sec. 839 of the Code, among other things, provides that:

"Any person affected by the levy of any special assessment provided for in this chapter may appeal therefrom to the district court within ten days from the date of such levy, by serving written notice thereof upon the mayor or clerk, and filing a bond for costs, to be fixed and approved by either of said officers. . . ."

Appellant county contends that the provision as to the

giving of bond is directory and not mandatory, and that such a bond is not required to perfect the appeal.

It also insists that as the clerk or mayor is to fix the amount of and to approve the bond, either may waive the same; and that as the clerk expressly waived the same in this case, the appeal to the district court was properly perfected. On the other hand, it is contended that the giving of the bond is mandatory, and one of the steps required to perfect the appeal; and that the city clerk had no power to waive this statutory requirement. The solution of this problem depends, of course, upon whether the giving of the bond was one of the necessary steps in the perfecting of the appeal. This calls for a construction of the statute quoted.

Generally speaking, each and every thing required for the taking of an appeal must be complied with and none of them may be waived; for as a rule, an appeal cannot be taken simply by consent of the parties. The statutory requirements must be complied with, else there is no appeal. In fact no appeal will lie from such special proceedings as are here involved, except it be expressly provided; and the statute giving the right must, as a rule, be strictly complied with. *Lampson v. Platt*, 1 Iowa 556.

In some instances it is held that the filing of a bond is an essential step in perfecting an appeal, and where this is held the bond cannot be waived. See the many cases cited in 2 Cyc. pages 818 and 819, among them *Santom v. Ballard*, 133 Mass. 464.

In a minority of the states, the bond is regarded as a nonessential. See cases cited in 2 Cyc. p. 820. But in most of these cases the bond was a supersedeas and not a bond for costs. If a bond be given in time, which is irregular or defective, it may undoubtedly be amended. *Mitchell v. Goff*, 18 Iowa 424; Code Sec. 357.

But if no bond at all be filed there is nothing to amend;

and if essential to an appeal the appeal must be dismissed. See cases cited in 2 Cyc. pp. 847, 848, 849.

These propositions are generally regarded as fundamental and the only question is, Was the filing of the bond a necessary step in perfecting this appeal? This has been answered in the affirmative in the recent case of *Johannsen v. City of Colfax,* 161 Iowa 502, where we said:

"Sec. 839 of the Code provides that, 'Any person affected by the levy of any special assessment provided for in this chapter may appeal therefrom to the district court within ten days from the date of such levy by serving written notice thereof upon the mayor or clerk, and filing a bond for costs, to be fixed and approved by either of said officers.' To effect an appeal, it was quite as essential that the bond be filed within the time specified as that notice of appeal be served. *Lynch v. Bruner,* 99 Iowa 669. In other words, to effect an appeal the statute authorizing it must be complied with. *Finke v. Zeigelmiller,* 77 Iowa 251; *Ellis v. Carpenter,* 89 Iowa 521. Had plaintiffs done all required of them within proper time possibly they might not be deprived of an appeal by the failure of an officer to perform his duties. See *Burns v. Keas,* 20 Iowa 16; *Dobson v. Dobson,* 7 Nebr. 297.

"But the statute quoted imposes no affirmative duty on either clerk or mayor. Either may fix the amount of and approve the bond, or one may fix the amount of and the other approve the bond. Neither is bound to assume that either act is required of him until requested and until then is under no obligation to act. The service of the notice of appeal may have been an intimation that the appellant would wish the amount of the bond fixed and when prepared, approved by the mayor or clerk; but, as the latter could do either, there is no ground for saying as the district court seems to have held, that upon the service of notice that duty necessarily devolved upon the mayor. As either the clerk or mayor might have done so a request was essential to create the duty and this the

plaintiffs are not shown to have made. The time then, within which the bond must have been filed was not extended by the failure of either to perform any duty connected therewith and, as it was not filed within the ten days after the assessment, an appeal therefrom was not effected. The motion to dismiss should have been sustained."

This disposes of every question involved in this appeal save only the right of the city clerk to waive the bond. Upon this latter proposition there should be no doubt. The clerk had no express power to do it in any event, and, of course, no such power will be implied. If he might waive the bond, he by the same sort of reasoning might waive notice, and this, of course, he could not do. The powers of a city clerk are conferred by statute, save, of course, as to matters which necessarily inhere in the powers granted, and he manifestly had no power to waive a jurisdictional step in the matter of the taking of an appeal. The bond was not for the protection of the city alone, but for all who were interested in the assessment for the cost and expenses of the paving; and the city clerk was in no manner authorized to represent these persons save in fixing and approving the bond. He was not asked to do either, and so far as shown, the county authorities neither asked for nor accepted the clerk's waiver. In other words, he did not refuse to fix the amount of a bond, nor did he indicate that he would not approve one.

For aught that appears, it was a mere favor granted by him to either the county or its attorneys. To whichever one granted, they must be presumed to have known the law and to have been advised of the clerk's lack of authority to waive a jurisdictional requirement. No bond was tendered until sometime after the court had ordered the dismissal of the case. Such bond as was tendered was not presented until after the court had declined to change its ruling, dismissing the appeal. Nothing said in *Elwood v. Board*, 156 Iowa 407, runs counter to this view.

II. It is also claimed by appellant county that as the city attorney appeared in the case and filed no motion to dismiss until two if not three terms of court had passed after the case was docketed in the district court, this amounted to a waiver. This contention overlooks the fundamental proposition that the giving of the bond was a jurisdictional step which could not be waived, but could be raised at any time—certainly at any time before trial on the merits of the appeal. The city attorney has no more power to waive the bond than had the city clerk. It may be that in some cases delay in raising the point would be regarded as fatal, but there was no delay here which was in any manner prejudicial to appellant county. It did not press its appeal to trial, but allowed it to drag along without ordering even a transcript of the record made by the city council, until after the appeal had been dismissed on motion. This court has consistently adhered to the rule that a jurisdictional requirement to an appeal cannot be waived. *Ash v. Ash,* 90 Iowa 229; *Bedford v. Board,* 162 Iowa 588; *Martin v. Crocker,* 62 Iowa 328; *McKeever v. Horine,* 12 Iowa 227; *Brier v. R. R. Co.,* 66 Iowa 602; *Lynch v. Bruner,* 99 Iowa 669; *Trust Co. v. District Court,* 121 Iowa 1; *Doerr v. The Life Ass'n.,* 92 Iowa 39; *Brown v. Beesett,* 13 Iowa 185; *Sutton v. Bower,* 124 Iowa 58; *Minton v. Ozias,* 115 Iowa 148; *Valley Nat. Bk. v. Garrettson,* 104 Iowa 655, 665. See also, *Henderson v. Benson,* 141 Mass. 218, 5 N. E. 314; *Bradly v. Sneath,* 6 Ohio 490.

There is a manifest difference in this respect between cases where an irregular and defective bond is. given, and where no bond at all is filed within the time required by law. *Bedford v. Board,* 162 Iowa 588.

Again if the bond were strictly for the benefit of the appellee, a different rule might perhaps be announced as to waiver, although upon that point we make no definite pronouncement for the reason that the question is not involved; but see, *Varnum v. Winslow,* 106 Iowa 287.

We see no escape from the conclusion that the appeal was properly dismissed.—*Affirmed.*

WEAVER, EVANS and PRESTON, JJ., concur.