W. L. VAN METER, Appellee, v. CITY OF TIPTON, Appellant
(and two other cases).

**MUNICIPAL CORPORATIONS:** Public Improvements—Assessment
—Appeal.  Appeals from special assessments can only be effected
by the filing, within 10 days from the date of the levy, of a cost
bond, and the approval thereof by the mayor or city clerk.  These
requirements are mandatory.

*Appeal from Cedar District Court.*—W. N. TREICHLER,
Judge.

TUESDAY, SEPTEMBER 19, 1916.

REHEARING DENIED, SATURDAY, JANUARY 13, 1917.

ALL three of the foregoing cases involve, under the decision arrived at, the single question whether an appeal was duly perfected from certain assessments made by the defendant city against the property of appellees, on February 18, 1914.  A motion to dismiss appeal interposed by the defendant in each case was overruled, and hence this appeal.— *Reversed.*

*J. C. France,* for appellant.

*Sharon & Higgins* and *W. G. W. Geiger,* for appellees.

SALINGER, J.—According to a petition in equity filed by appellees, each of them prepared and submitted a bond for costs, to which the affidavit of the surety recited that the surety was a resident of the state, was worth $200 beyond the amount of his debts, and had property in the state liable to execution equal to the sum of $100.  It appears by the affi-

MUNICIPAL COR-
PORATIONS: pub-
lic improve-
ments: assess-
ment: appeal.

davit of the city clerk that, on the 26th day of February, 1914, each of the appellees appeared at his office and presented said bond for filing; that he then informed plaintiff that the bond tendered was not in sufficient amount; that the sureties were not sufficient; and that he would not and could not approve the same until sufficient sureties were obtained, in a larger sum than the one named in the proposed bond. And he also informed them that they had until the night of February 28th to file a proper bond, if they wished to appeal. He says no other or different bond or sureties were furnished or offered, and no bond was filed by them or approved by him. There seems to be no dispute as to these matters. The sole avoidance of the appellees is the assertion that the clerk acted arbitrarily and fraudulently, and that, at worst, there is here nothing but a defective bond. We are constrained to hold otherwise. We are committed to the rule that no appeal lies from such assessments except as provided by statute, and that such statute must be strictly complied with; that, to effect an appeal, there must, among other things, be filed a bond for costs, to be fixed and approved by either city clerk or mayor (*City of Fairfield v. Jefferson County*, 168 Iowa 623); and that the requirement to file cost bond, to be fixed and approved by either mayor or clerk within 10 days, is mandatory, and the appeal is not perfected without the filing of the bond within the required time. *Johannsen v. City of Colfax*, 161 Iowa 502. These cases seem to us to rule this.

We have no occasion to pass upon what the effect would be had there been fraudulent or arbitrary conduct on part of the clerk, and no opportunity to get an approval by the mayor. Nothing appears to indicate that the mayor could not have been applied to, and, moreover, there were two days wherein to follow the suggestions made by the clerk before time for perfecting appeal had lapsed.

The court below should have sustained the motion to dismiss these appeals. In view of this disposition of the cases,

it becomes immaterial whether the ruling on a motion to strike, which motion was interposed subject to the motion to dismiss appeal, was right.—*Reversed.*

GAYNOR, C. J., LADD and EVANS, JJ., concur.