CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant, v. DRAINAGE DISTRICT No. 9 et al., Appellees.

**DRAINS:** Assessments—Appeal—Approval of Bond. Whether, on appeal from an assessment of benefits, the appeal bond under Sec. 1989-a6, Code Supp., 1913, should be (1) for a *fixed amount*, impliedly to be determined by the auditor, or (2) for *unlimited liability, quære.* But if the law requires the former, then the auditor is under no obligation to approve a bond forwarded to him by the appellant, and in an amount fixed by the appellant himself; and if the law requires the latter, then it follows that the auditor has no authority to approve a bond which is for a *fixed* amount.

**BONDS:** Surety Companies—Duty to Approve. The statutory requirement (Sec. 360, Code Supp., 1913) that an officer empowered to approve bonds "shall accept and approve" bonds guaranteed by surety companies is designed simply to relieve the officer from mak-

ing further inquiry as to the financial responsibility of the surety. Such a bond is not properly approvable when *insufficient in amount*.

*Appeal from Iowa District Court.*—R. G. POPHAM, JUDGE.

### FEBRUARY 5, 1924.

The plaintiff appealed from an assessment made by the board of supervisors upon its property lying within a drainage district. From a judgment dismissing the appeal, this appeal is prosecuted.—*Affirmed*.

*Stapleton & Stapleton* and *Hughes, Taylor & O'Brien,* for appellant.

*Havner, Hatter & Harned,* for appellees.

VERMILION, J.—The appellant undertook to appeal from an assessment made by the board of supervisors of Iowa County against it on account of alleged benefits received by its prop-

1. DRAINS: assessments: appeal: approval of bond.

erty situated within the limits of a drainage district. The appeal was dismissed by the court below, on motion of the appellees. The motion was based upon the alleged failure of the appellant to file with the county auditor an appeal bond approved by him.

Evidence, in the form of affidavits and oral testimony, was received in resistance to and support of the motion. It appears therefrom that an attorney for appellant prepared and mailed to the county auditor, within proper time to perfect an appeal, a notice of appeal and a bond in the sum of $500, conditioned upon the payment by the appellant of all costs of the appeal unless a more favorable judgment should be obtained. The bond was signed by the Iowa Bonding & Casualty Company of Des Moines as surety, a bonding company which, it was admitted, was duly authorized to execute bonds of the character of that in question, and which had on file in the office of the clerk a proper certificate to that effect. The bond and the notice of appeal, with a copy thereof, were inclosed in a letter to the auditor, requesting him to "file the notice, marking the copy filed, and return it to me for my records; approve the bond, and

file that also." The letter was thereafter returned to the attorney, with the following notation upon it, signed by the auditor:

"Orig. filed and copy filed with Clerk of Dist. Court."

The bond was never marked filed by the auditor, nor was it, by indorsement thereon or in any other manner, approved by him. It was subsequently found in the office of the clerk of the district court, indorsed, "Filed and approved November 12, 1921," and the indorsement was signed by the clerk.

It may fairly be found from the testimony, we think, that the bond was received by the auditor and by him taken, probably inadvertently, to the clerk's office, with a copy of the notice of appeal, though neither the clerk nor the auditor has any recollection of the transaction. No communications from appellant's attorneys were found in the clerk's office.

The only questions presented on this appeal are, (1) whether the bond was filed with the county auditor, and (2) whether it was approved by him.

Under the facts disclosed, we would have no difficulty in arriving at the conclusion that the bond was filed with the auditor. *Bedford v. Board of Supervisors,* 162 Iowa 588. Can it be said on any possible theory that it was approved by him? Section 360 of the 1913 Supplement to the Code provides in part:

"Whenever any person who now or hereafter may be required or permitted to give a bond applies for the approval thereof, any officer or body who is now or shall hereafter be required to approve the sufficiency of such bond shall accept and approve the same, whenever its conditions are guaranteed by a company or corporation duly organized or incorporated under the laws of this state, or authorized to do business therein, and to guarantee the fidelity of persons holding positions of public or private trust, or secure any bond above referred to, and which company shall have the certificate of the auditor of state authorizing it to do business therein, as provided in Chapter 4 of Title IX of this Code. * * * The certificate of the auditor of state, to the effect that such company has complied with the requirements of said chapter and title and is authorized to do business in this state, shall be sufficient evidence to authorize

the officer or body having the approval of such bond to accept and approve the same, * * *''

It is argued that, since the bond in question was executed by a bonding company that had complied with the foregoing statute and the others referred to therein, upon its presentation to the auditor with the request that it be approved there was nothing for him to do but approve it, and that the appellant should not be deprived of his right to appeal by the mere failure of the auditor to perform his duty. On the other hand, it is contended that the bond was insufficient because the penalty was limited, and that the amount of the penalty was insufficient, and the auditor was not bound to approve it.

2. BONDS: surety companies: duty to approve.

Section 1989-a14, Code Supplement, 1913, provides that an appeal may be taken to the district court from the order of the board of supervisors fixing the assessment of benefits upon the land included in a drainage district in the same manner and time as is provided for appeals from the assessment of damages. Section 1989-a6 is in part as follows:

"* * * any party aggrieved may appeal from the finding of the board in establishing or refusing to establish the improvement district or from its finding in the allowance of damages to the district court by filing notice with the county auditor at any time within twenty days after such finding, at the same time filing a bond with the county auditor, approved by him, and conditioned to pay all costs and expenses of the appeal unless the finding of the district court shall be more favorable to the appellant or appellants than the finding of the board * * *''

It is insisted that this statute does not contemplate a bond with a fixed or limited penalty, but one of unlimited liability for all the costs of the appeal, in case they are to be paid by the appellant, and that, the liability on the bond being limited to $500, it is for that reason insufficient, and could not have been approved.

It is to be noted that the statute in question does not expressly confer upon the auditor the authority to fix the amount of the bond, nor is that authority given to any other officer or body. In this situation one of two things must be true: either the contention of appellees must be correct, that the requirement

of the statute is that the bond must be for an unlimited liability for the costs, and therefore without a fixed penalty; or the power vested in the auditor to approve the bond carries with it or implies the authority to determine the amount of the bond. As either conclusion is equally fatal to appellant's position, it is not necessary to determine the question.

The statute above referred to, providing that any officer required to approve the sufficiency of any bond shall approve and accept it when its conditions are guaranteed by a company such as the surety on the bond in question, applies only to the sufficiency of the bond as respects the qualification of the surety. It was not intended to and does not require an officer to accept and approve a bond wholly insufficient in amount, merely because the surety has complied with certain statutory requirements designed to insure financial responsibility on its part.

When the bond in question was presented to the county auditor with the request that he approve it, he was, by virtue of the statute, relieved of responsibility, so far as the qualifications or financial standing of the surety were concerned; but he was not, by reason of that fact alone, required to approve it. Either the bond, by reason of its fixed and limited penalty, was not such as was required by Section 1989-a6, in which case it was clearly his duty to refuse to approve it, or he was vested with the power and was under the responsibility to determine the amount for which the bond should be given. If the latter be the true situation, it cannot be said, we think, that he was bound to approve the bond in question. And if he was not bound to approve it when presented to him, it cannot be claimed that what occurred amounted to an approval.

In the absence of a fraudulent or arbitrary act or refusal to act on the part of the auditor, it is not the province of the court to say when such a bond is sufficient in amount. To bring about a reversal, not only must that position be assumed, but this court must go further, and say that the bond in question was sufficient in that respect, ought to have been approved, and therefore was approved.

In order to perfect its appeal, the appellant was required to file with the county auditor a bond approved by him. This was jurisdictional, and could not be waived. *City of Fairfield*

*v. Jefferson County,* 168 Iowa 623.  It did not file such a bond, and the appeal was properly dismissed.  *McCord v. City of Cherokee,* 180 Iowa 448; *Van Meter v. City of Tipton,* 178 Iowa 1201; *City of Fairfield v. Jefferson County,* supra.  See, also, *St. Mary's Church v. City of Pella,* 197 Iowa 205.—*Affirmed.*

ARTHUR, C. J., STEVENS and DE GRAFF, JJ., concur.