ARTHUR, C. J., STEVENS and DE GRAFF, JJ., concur.

---

ST. MARY'S CHURCH, Appellant, v. CITY OF PELLA et al., Appellees.

**MUNICIPAL CORPORATIONS:** Public Improvements—Appeal From Special Assessment—Bond. The requirement of the statute (Sec. 839, Code, 1897) that the bond on appeal from a special assessment be approved by the mayor or clerk is mandatory, and cannot be waived by such officers.

*Appeal from Marion District Court.*—H. S. DUGAN, Judge.

FEBRUARY 5, 1924.

PLAINTIFF appeals from the judgment of the court dismissing its appeal from the action of the city council of the city of Pella in the matter of paving assessment.—*Affirmed.*

*W. H. Lyon,* for appellant.

*H. E. De Reus,* for appellees.

STEVENS, J.—The city council of the city of Pella made an assessment of $2,215.08 upon the property owned by appellant as its pro-rata share of the cost of improving an abutting street by paving. Appellant caused a proper notice of appeal from the action of the city council to the district court to be served upon the mayor, who, at the same time, fixed the appeal bond by an indorsement upon the notice. A bond for the amount fixed by the mayor was executed, with sureties, approved by and filed in the office of the clerk of the district court. The bond was not presented to the mayor or city clerk for approval, as required by statute. Appellee promptly moved to dismiss the appeal upon the ground that the approval of the bond by the mayor or clerk is jurisdictional, and that the court did not acquire jurisdiction of the appeal without such approval. The motion to dismiss was sustained by the court on March 20, 1922.

On April 19, 1922, appellant filed a motion to set aside the order of the court dismissing the appeal, and to reinstate the case, upon the ground that the motion to dismiss was ruled upon without having been submitted to the court, and also setting up the claim that the bond was signed by a surety previously orally agreed upon between the attorney for appellant and the mayor of said city, and that the failure to have his approval indorsed upon said notice, or otherwise entered, was a mere irregularity, which did not affect the jurisdiction of the court. This motion was supported by the affidavit of appellant's attorney. A resistance was filed to the latter motion, upon the grounds that the order of dismissal was entered at a prior term of court, after the same had been regularly and properly submitted to the court. The allegations of the resistance to the motion to reinstate are supported by the affidavit of the judge who ruled upon the motion. No resistance was filed to the motion to dismiss and no claim appears to have been made, at the

time of its submission, that the sureties on the bond had been orally agreed upon between appellant's attorney and the mayor. This failure is excused by counsel upon the ground that the motion was submitted arbitrarily, and without proper notice or opportunity to meet the same by a proper resistance. The court, in ruling upon the motion to reinstate the case, held that the motion to dismiss had been regularly submitted. In the course of its ruling, the court stated that it received the brief of appellant's attorney on the day the motion was ruled upon, and that said brief was submitted for the court's consideration in passing upon the motion.

The question presented appears to be settled by our prior decisions. *City of Fairfield v. Jefferson County,* 168 Iowa 623; *Johannsen v. City of Colfax,* 161 Iowa 502; *Van Meter v. City of Tipton,* 178 Iowa 1201; *McCord v. City of Cherokee,* 180 Iowa 448.

Section 839 of the Code provides that:

"Any person affected by the levy of any special assessment provided for in this chapter may appeal therefrom to the district court within ten days from the date of such levy, by serving written notice thereof upon the mayor or clerk, and filing a bond for costs, to be fixed and approved by either of said officers."

The requirement of this statute that the bond be approved by the mayor or clerk is mandatory, and cannot be waived by such officers. *City of Fairfield v. Jefferson County,* supra.

The matters set up in appellant's motion to reinstate the appeal and in the affidavit of counsel were not before the court at the time the motion was ruled upon. The claim now made that the mayor agreed to accept the surety who subsequently signed the bond was not made at the time of the submission of the motion to dismiss. Whether such arrangement met the requirements of the statute is not now before us. The case is ruled by our prior decisions, and the judgment of the court below must be, and is,—*Affirmed.*

ARTHUR, C. J.; DE GRAFF and VERMILION, JJ., concur.