WARREN DICKINSON, Appellee, v. CITY OF DES MOINES, Appellant.

**MUNICIPAL CORPORATIONS:** Special Assessments—Appeal—Nonformal Approval of Bond. In an appeal from the action of the city council in confirming a special assessment, an appeal bond is all-sufficient if it is actually approved by the clerk of the district court, even though such approval is not *formally indorsed in writing on the bond.*

Headnote 1: 3 C. J. p. 1172; 28 Cyc. p. 1183.

*Appeal from Polk District Court.*—JOSEPH E. MEYER, Judge.

DECEMBER 14, 1926.

This is an appeal from the action of the district court in reducing a special assessment levied by appellant against appellee's property on account of a paving assessment in said city.—*Affirmed.*

*John J. Halloran, Reson S. Jones, Chauncey A. Weaver,* and *Paul Hewitt,* for appellant.

*Howe & Howe,* for appellee.

ALBERT, J.—The single question presented in this case is

akin to that decided by this court in *Bates v. City of Des Moines*, 201 Iowa 1233, and also in *Rivers v. City of Des Moines*, 202 Iowa ――.

Appellee presented to the clerk of the district court a bond for costs, as provided by Section 6064, Code of 1924. This bond was received by the clerk and indorsed "filed" within the statutory time, and the complaint urged by appellant is that the word "approved," or its equivalent, was not indorsed in writing on said bond by the clerk of the district court at the time same was filed.

To perfect an appeal from the action of the city council in levying these special assessments, one of the requirements is that the property owner shall file "within said fifteen days in the office of the clerk of the district court, an appeal bond, approved by the clerk of said court." As to this bond, therefore, two things are necessary: (1) The filing and (2) the approval by the clerk. We have repeatedly held that these requirements of the statute are mandatory. *Sutton v. Bower & Perkins*, 124 Iowa 58; *Johannsen v. City of Colfax*, 161 Iowa 502; *Van Meter v. City of Tipton*, 178 Iowa 1201; *McCord v. City of Cherokee*, 180 Iowa 448; *In re Paving Assessments*, 193 Iowa 1234; *St. Mary's Church v. City of Pella*, 197 Iowa 205.

In the *McCord* case, supra, we held that the filing of the bond without approval was not sufficient to comply with this section of the statute. The question left, therefore, is whether such approval must be indorsed in writing on the bond; or, to put it another way, whether oral testimony is admissible to show the approval by the proper officer.

The evidence of the deputy clerk in this case is that this bond was filed on the 10th day of January, 1925, and that it was approved on that date. He further says that the bond was in fact approved when filed. With this testimony, the case falls squarely within the rule of the *Bates* case and the *Rivers* case, supra, and it must be held that this statutory requirement has been complied with. Therefore the ruling of the district court is right on this question, and is approved.—*Affirmed.*

EVANS, VERMILION, and MORLING, JJ., concur.