## MITCHELL v. GOFF.

1. **Appeal:** BOND. A defective bond, filed upon an appeal from an order of the County Court allowing a claim against an estate, may be amended, without prejudice to the appellant, within such reasonable time after discovering its defective character as to work no injury to the adverse party. Rev., 1860, § 4119.

*Appeal from Linn District Court.*

WEDNESDAY, APRIL 19.

THE plaintiff filed his claim before the County Court, and upon the hearing, a portion thereof was allowed. The defendant appealed to the District Court, and filed a bond, conditioned to pay, or cause to be paid, all sums of money and costs "which shall be adjudged against him in the further prosecution of this suit;" which was filed and approved by the county judge. In the District Court the plaintiff moved to dismiss the appeal, because there was "no bond filed such as the law requires." Pending this motion, the defendant asked leave to amend the bond so as to make it accord with the law; and also offered and asked permission to rectify, in such reasonable time as not to cause injury to the other party. The court refused this, and sustained the motion to dismiss. The defendant appeals.

*Thomas Corbett* for the appellant.

*W. G. Thompson* for the appellee.

COLE, J.—The District Court erred in sustaining the plaintiff's motion. It is true, the condition of the bond is

1. APPEAL: not such as is required by our statute (Rev., § 267), bond. although it is probable that, in its legal effect, it is not essentially variant, so far as this case is concerned. But even if it was materially defective, it having been filed and approved by the proper officer, it was the right of the defendant to rectify it, upon the terms offered by him. This right is expressly given by Rev., "§ 4119. No defective bond or other security, or affidavit in any case, shall prejudice the party giving or making it, provided it be so rectified within a reasonable time after the defect is discovered as not to cause essential injury to the other party."

This express provision in relation to bonds and affidavits is in perfect accord with the general tenor and spirit of our Code, which allows amendments at any time in furtherance of justice, to correct errors, mistakes or any defect, so as to secure a full and fair trial upon the merits, and avoid the calamitous consequences to suitors resulting from technical defects at common law practice, and for which that practice had become so justly odious.

Reversed.