## BOND v. DAVIS.

**Appeal:** FROM JUSTICE OF THE PEACE: NOTICE OF. Notice to the appellee is not necessary to perfect an appeal from a justice; nor does a failure of such notice authorize a dismissal of the appeal.

| 37 | 163 |
| 112 | 298 |
| 37 | 163 |
| 115 | 150 |
| 37 | 163 |
| 120 | 296 |

*Appeal from Marshall Circuit Court.*

TUESDAY, OCTOBER 7.

THIS action was originally brought before a justice of the peace. It was tried January 5, 1872, before the justice, who rendered judgment against the plaintiff for costs. No notice of appeal was given on the day of the trial. On January 23, 1872, the plaintiff filed an appeal bond with the justice, who approved the same; and on March 22, 1872, he sent up a transcript and the appeal bond, and filed the same with the clerk of the circuit court. At the first term of the circuit court in April, on verbal motion of plaintiff, the cause was continued for service of notice. Service of notice of appeal was accepted by defendant, July 10, 1872. At the August term following, the defendant moved to dismiss the appeal, because notice of appeal was not served prior to the April term, etc. The court overruled this motion. On a trial, judgment was rendered for plaintiff for the full amount of the note sued on. The defendant appeals, and here assigns as error, the overruling of his motion to dismiss the appeal in the circuit court.

*Parker & Rice* for the appellant.

*T. Binford* for the appellee.

COLE, J. — The circuit court did not err in overruling the motion to dismiss the appeal. The statute nowhere declares that service of a notice of the appeal is necessary to perfect it; nor does it authorize the dismissal because of a failure to give such notice. Whereas, it does declare that upon filing the transcript the cause will be deemed in the district court

(Rev., § 3926), and also that if the notice is not served at least ten days before the term to which the cause is returnable, the suit may, on motion of the appellee, be continued at the costs of the appellant. Rev., § 3930. The statute having fixed the consequences of a failure to serve the notice in proper time, it amounts to an implied negation of other consequences — *expressio unius exclusio alterius.* The fact that the cause was continued at the first term, on motion of the appellant, instead of the appellees, would not affect the rights of the parties. See, as bearing upon the case, *McCormick* v. *Bishop*, 3 G. Greene, 99; *Coon* v. *Matthews et al.*, 10 Iowa, 290; *Mediken* v. *Mason & Co.*, id. 406; *Quillan* v. *Windsor*, 6 id. 396.

Affirmed.