WREN HUDSON, Appellant, v. SMITH BROS., G. W. SMITH, AND B. F. SMITH.

**Appeal from Justice's Court:** ATTORNEY AS BONDSMAN. An attorney in active practice is not competent to serve as surety on an appeal bond given on appeal from the judgment of a justice of the peace.

JURISDICTION. Since a person cannot be surety for himself, an appeal bond signed by a judgment defendant and an attorney in active practice on an appeal from a justice's judgment to the superior court is not sufficient to give the superior court jurisdiction.

**Appeal:** APPEALABLE ORDERS. An appeal lies from an order of the superior court overruling a motion to dismiss an appeal from a justice of the peace, because of the insufficiency of the appeal bond.

AMENDING ASSIGNMENT OF ERRORS: *Dismissal.* An appeal will not be dismissed because of the filing of an amended assignment of errors more than ten days before the trial term, where appellee has already argued all the points made in such amendment, and is not prejudiced thereby.

*Appeal from Keokuk Superior Court.*—HON. RICE H. BELL, Judge.

WEDNESDAY, MAY 16, 1900.

ON January 8, 1898, judgment was entered in the justice court of William Wilson, Esq., against Smith Bros., George W. and B. F. Smith, for the sum of $99 and costs. Three days later they filed an appeal bond in an adequate amount signed by "Smith Bros., Principal; John E. Craig, Surety; G. W. Smith, Surety,"—which was approved. Transcript was duly filed in the superior court of Keokuk, where the plaintiff moved that the appeal be dismissed, and the papers be stricken from the files, for that no sufficient appeal bond had been filed, one of the sureties being a defendant in the action, and the other an attorney in active practice. The motion was overruled, and plaintiff appeals. - *Reversed.*

*W. H. Morrison, Sawyer & Blood,* and *H. Scott Howell & Son* for appellant.

*F. M. Ballinger* for appellees.

LADD, J.—In so far as Craig's signature as surety is concerned, *Bank v. Garretson,* 104 Iowa, 655, is decisive. He was an attorney in active practice, and the justice was not authorized to accept him as surety. The other alleged surety was one of the judgment defendants. His signature added nothing to the strength of the bond. See *Clark v. Riddle,* 101 Iowa, 270. The statute contemplates security additional to what the party had by the judgment below. A person cannot be surety for himself. George W. Smith is not mentioned in the bond, and the mere writing of the word "surety" after his signature did not change his liability as one of the defendants. He was a defendant, and could only execute the bond as such. These views find direct support in *Croft. v. Bailey,* 1 Lea, 369;

*McVey v. Heavenridge,* 30 Ind. 100; *Labadie v. Dean,* 47 Tex. 90; *Barrow v. Clack,* 45 La. Ann. 478 (12 South. Rep. 631); 1 Enc. Pl. & Prac. 1002 *et seq.*

As there were no sureties, the bond was not such as contemplated by statute, and the superior court acquired no jurisdiction.

II.   That the order overruling the motion was appealable appears from *Curran v. Coal Co.,* 63 Iowa, 94.   Leave was asked to file an amended assignment of error, and the same was filed more than ten days before the trial term.   Appellee had already argued all the points made, and was not prejudiced by the amendment. See *Stanley v. Barringer,* 74 Iowa, 34; *Hall v. Railway Co.,* 84 Iowa, 312; *Conner v. Long,* 63 Iowa, 295; *Buhlman v. Humphrey,* 86 Iowa, 600.   The motion to dismiss the appeal is without merit.—REVERSED.