JOHN MINTON, as Next Friend of EDDIE SMITH, v. JOHN OZIAS et al., Appellants.

Appeal to District Court from Justice of the Peace: *Filing of Appeal bond, jurisdictional.* Under Code, section 4552, providing that an appeal from justice court shall not be deemed perfected till a bond to secure the judgment and costs is filed with the justice, the filing of such bond is necessary to give the district court jurisdiction of the appeal and the giving of notice of appeal and the filing of the transcript and papers in the district court is sufficient.

*Same.* Where an appeal bond filed on an appeal from a justice is insufficient to give the district court jurisdiction, the latter court cannot authorize an amendment thereto, but must dismiss the appeal.

BOND NOT SIGNED BY A SURETY. An appeal bond in justice court on an appeal to the district court, which is signed only by the appellants, is insufficient to give the district court jurisdiction.

*Appeal from Buchanan District Court.*—HON. FRANKLIN C. PLATT, Judge.

THURSDAY, DECEMBER 19, 1901.

ON the ninth day of August, 1899, the plaintiff recovered, in justice court, a judgment against defendants who, two days later, filed a paper in the form of an appeal bond, signed by themselves only, which the justice approved. A transcript was filed with the clerk of the district court, and, on September 19, 1899, plaintiff moved to dismiss the appeal. Thereupon defendants asked leave to file a new bond, with sureties to be approved by the clerk of the district court. This was denied, and they then tendered a bond, with sureties duly approved by the said clerk, which the court refused to allow filed. The motion to dismiss was then sustained, judgment entered against defendants for costs and they appeal.—*Affirmed.*

*Ransier & Everett* for appellants.

*C. J. Rudolph* for appellee.

LADD, J.—An appeal bond without sureties adds nothing to the obligation of the appellant to pay any judgment rendered against him. He is liable for that without bond. For this reason, in the absence of statute expressly requiring the bond to be signed by the appellant, omission of his signature thereto will not affect its validity. 1 Enc. Pl. & Prac. 973, and cases collected. The statute contemplates security additional to what the appellee had or will

have in the judgment. *Hudson v. Smith,* 111 Iowa, 411. The appeal is not perfected by notice (*Bond v. Davis,* 37 Iowa, 163), nor the filing of the transcript and papers with the clerk of the district court; for these are not to be filed until after the appeal is perfected (section 4555, Code). Of necessity, then, it is accomplished by the filing and approval of the appeal bond. This appears from section 4552 of the Code, which provides that: "The appeal is not perfected, until a bond in the following form, or its equivalents, is taken and filed in the office of the justice, or clerk as above provided, in an amount sufficient to secure the judgment and costs." Here follows the form in blank, purporting to be signed by principal and surety,— a statement of the circumstances under which judgment shall be entered against "principal and surety on said bond." The signature of the surety is clearly contemplated, and it is the evident design of the statute to afford the obligee other security than that of his judgment. Without this, the bond is not in the form exacted nor its equivalent. It is precisely the same in legal effect as though no bond at all had been filed. And without such as the statute requires the appeal was not perfected, and the district court acquired no jurisdiction. See *King v. Hopkins,* 42 Tex. 49; *McDonald v. Paris,* 9 S. D. 310 (68 N. W. Rep. 737); *McCracken v. Superior Court,* 86 Cal. 77 (24 Pac. Rep. 845). The appeal could be allowed by the justice only upon the filing of such a bond as the statute required, and the approval of any other was unauthorized and of no effect. *State v. White,* 41 N. H. 194; *Gillman v. Bartlett,* 20 N. H. 168.

It is not a case of defective bond, as *Brock v. Manatt,* 1 Iowa, 128, *Mitchell v. Goff,* 18 Iowa, 424, and *Clark v. Riddle,* 101 Iowa, 270, but of no bond, for there was an entire omission of the portion giving it value for security and essential to its validity for the purpose executed. For this reason section 357 of the Code has no application. "There can be no appeal until the bond is taken and filed." *Lynch*

v. *Bruner,* 99 Iowa, 669. Only when this has been done will the case "be in the court to which the appeal is taken." Section 4553 of the Code. It follows that the filing of a bond in substantial compliance with the statute is jurisdictional, as through it the appeal is perfected, and the cause transferred to the district court; and this must be done "within twenty days of the rendition of the judgment." Section 4548, Code. As the district court was without jurisdiction, the tender of a new bond was properly refused, and the motion to dismiss rightly sustained.—AFFIRMED.