J. W. PORTER, Appellant, v. THE WESTERN UNION TELE-
GRAPH COMPANY, Appellee.

**Appeal bonds:** DEFECTIVE AFFIDAVIT OF SURETIES : DISMISSAL OF AC-
TION.   The provision of statute requiring sureties on appeal
bonds to make affidavit of property qualification is more for
the protection of the officer approving the bond than for the
benefit of the parties secured; and a defect in the affidavit of
qualification, on appeal from a justice, is not ground for a
dismissal of the action, in the absence of a showing that the
sureties are incompetent and without financial qualification.

*Appeal from Calhoun District Court.*— HON. Z. A. CHURCH,
Judge.

TUESDAY, APRIL 2, 1907.

Action for damages on account of delay in transmitting and delivering a telegraphic message. There was a judgment for defendant and plaintiff appeals.— *Affirmed.*

*M. E. Mack,* for appellant.

*E. C. Stevenson,* for appellee.

Weaver, C. J.— This action was begun before a justice of the peace by whom judgment was rendered in plaintiff's favor. From this judgment the telegraph company appealed to the district court. The plaintiff having moved·to dismiss this appeal, because the bond given on part of the company was not such as the statute requires, said motion was overruled, and cause proceeded to trial. At the close of the testimony on part of plaintiff, the court sustained a motion to direct a verdict for the defendant, and, from the judgment rendered on said verdict, the plaintiff appeals.

Several errors are assigned as grounds for reversal, but none appear to be confidently relied upon in argument except the one based on the ruling of the trial court denying plaintiff's motion to dismiss the appeal from the justice's judgment. The appeal bond the sufficiency of which the motion assails is formal in all respects except in the affidavit of the sureties thereon, which reads as follows:

" State of Iowa, Calhoun County — ss. We Chas. E. Bale and P. W. Fleming being duly sworn say that we are residents of Calhoun County, Iowa, and freeholders, and that we are worth the sum of two hundred dollars ($200) and have property in the value of two hundred dollars exempt from execution. Chas. E. Bale. P. W. Fleming.

" Subscribed and sworn to before me this 29th day of August, by Chas. E. Bale and P. W. Fleming. W. C. Moody, Notary Public in and for Calhoun County, Iowa."

It will be observed that by the omission of the word " not " between the, words " dollars " and " exempt " the

affidavit fails to affirmatively show the financial ability of the sureties to pay the judgment rendered against their principal. Counsel contends that because of this omission the bond is not one which the justice was authorized to accept, and that his approval thereof was not sufficient to give the district court any jurisdiction of the appeal. In support of this proposition, counsel cites the statutes (Code, sections 4552, 358, 359), and the decisions of this court in *Minton v. Ozias,* 115 Iowa, 148, and *Hudson v. Smith,* 111 Iowa, 411. Code, section 4552, provides that an appeal from a justice of the peace is not perfected until a bond in sufficient amount to secure the judgment and costs is taken and filed substantially in the form there set out. The prescribed form provides for a surety against whom judgment shall be rendered if the appeal be withdrawn or dismissed, or the judgment be affirmed. There is nothing in the chapter where this provision is found requiring sureties upon an appeal bond to make affidavit to their financial responsibility; but in chapter 12 of title 3 of the Code is laid down a general rule made applicable " to every bond provided for or authorized by law," that the surety must be a resident of the State and worth double the sum to be secured, beyond the amount of his debts, and have property liable to execution in this State equal to the sum to be secured, except where otherwise provided by law. It is furthermore made the duty of the officer taking the surety upon such a bond to require the person offered as such surety to make affidavit to his qualification; but the taking of such affidavit will not exempt the officer from liability to which he might otherwise be subjected for taking insufficient security. Appellant argues that this requirement of an affidavit of qualification by the surety is made for the benefit of the appellee, and that without it the obligation does not amount to an appeal bond within the meaning of the statute. We do not reach that conclusion. There is a distinction between the competency of a surety under the law, and the sufficiency of his financial qualifica-

tion. The former is fixed by statute and leaves nothing in reference thereto to the discretion of the court or officer approving the bond; while the latter is subject to the discretion and judgment of the court or officer to whom it is presented, and he may approve or reject such bond according as he finds it sufficient or otherwise. For instance, the provision of the statute which requires that a surety on an appeal bond must be a resident of the State, and must not be a practicing attorney at law, goes to the competency of the person, and when one of either class is offered as security upon such a bond, it is not within the power of the court to waive his incompetency, and such a bond will not perfect an appeal, even though it affords a most ample security for payment of the judgment. *Hudson v. Smith,* 111 Iowa, 411.

On the other hand, whether the surety is financially up to the standard fixed by the statute is a question of fact on which the court to which it is presented for allowance must pass. If the surety be competent, and the court finds him duly qualified, the appeal is perfect, and the appellate tribunal obtains full jurisdiction even though the obligors and sureties prove to be insolvent and worthless. Indeed the requirement that sureties shall justify by affidavit as to property qualification appears to have been made more for the protection of the officer approving it than for the benefit of the party who is thereby secured. Every such officer is under a common-law obligation to exercise diligence in the approval of bonds, and for his negligence in respect thereto he and the sureties upon his own official bond, if any, are liable in damages to persons thereby sustaining loss or injury. The taking of the required affidavit does not relieve him from this liability, but it is some evidence of care on his part and has a natural tendency to deter disqualified persons from offering themselves as sureties. We have held that a justice may refuse to approve an appeal bond until the surety makes the required affidavit. *Lane v. Goldsmith,* 23 Iowa, 240. The precedent goes no farther than to rec-

ognize the right of the officer to insist upon justification by the surety, and does not even suggest that a bond without such affidavit, if duly approved, would not operate to effect an appeal.   In Minton v. Ozias, *supra,* relied upon by the appellant, the bond was not signed by any surety, and was, of course, held to be no compliance with the statute.   The case at bar presents a materially different state of facts and calls for the application of a different rule.   There is nothing in the bond here given or in the record before us to show that the sureties were not competent sureties, or that they were not financially qualified.   It is true that when read literally, the affidavit affirms no more than that said sureties have exempt property to the amount of $200, but that does not even by implication negative their ownership of non-exempt property.   At the worst, the bond may perhaps be treated as if there had been no attempt at justification by the sureties, and, while its omission might be sufficient to hold the justice liable for negligence in case the bond proved worthless, we do not think the defect one which goes to the jurisdiction of the court to which the appeal was taken.

Authorities are not agreed upon the question thus raised. The North Carolina court seems to hold with the contention of appellant, that the omission of a proper affidavit of qualification by the surety nullifies an appeal bond.  *McMillan v. Nye,* 90 N. C. 11.   See, also, *McDonald v. Ellis,* 4 Ariz. 189 (36 Pac. 37) ; *Northern, etc., Trust Co. v. Hender,* 12 Wash. 559 (41 Pac. 913) ; but in each of these cases the statutory provision differs in some respects from our own. The contrary doctrine is approved in *Smith v. Town Co.,* 36 Kan. 758 (14 Pac. 246) ; *R. R. Co. v. Wilder,* 17 Kan. 239 ; *Edgerton v. West,* 38 Fla. 338 (21 South. 278).   As between the two lines of authorities, our judgment inclines to the latter, and we are therefore disposed to hold there was no error in the ruling of the trial court.   As we have already said, the general merits of the controversy are not argued by the appellant.   We have, however examined the record, and

think the order of the court may well be upheld on the ground of failure of the plaintiff to make the case pleaded by him.

The judgment of the district court is therefore *affirmed*.