### OLIVER et al. v. BORDNER.

(Court of Civil Appeals of Texas. El Paso. March 14, 1912.)

1. JUDGMENT (§ 499*)—COLLATERAL ATTACK —JURISDICTION.

A judgment of a domestic court of general jurisdiction can be attacked collaterally only where the record affirmatively shows lack of jurisdiction.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 940; Dec. Dig. § 499.*]

2. JUDGMENT (§, 497*)—RECITALS—CONCLUSIVENESS.

A recital in a judgment that defendant was duly cited is conclusive in a collateral proceeding, although in that proceeding the court holds that by reason of seven years absence such defendant is presumed dead, and the judgment attacked was rendered during such period of seven years.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 937, 938; Dec. Dig. § 497.*]

3. JUDGMENT (§ 686*) — CONCLUSIVENESS — PARTIES BOUND.

A judgment against a surviving husband for a community debt is conclusive against the heirs of the wife, although they were not parties to the action.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1209; Dec. Dig. § 686.*]

4. VENDOR AND PURCHASER (§ 289*) — LIEN FORECLOSURE—REDEMPTION.

A grantee of land, as a part of the consideration, assumed the payment of certain notes. Thereafter an action was brought on the notes and to foreclose the vendor's lien, and the land was sold under the judgment. *Held*, that the grantee had no right, after such sale, to redeem by paying the notes.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 820, 821; Dec. Dig. § 289.*]

5. VENDOR AND PURCHASER (§ 54*)—TITLE— WHEN PASSES.

Where the grantee of land, as a part of the consideration, assumed the payment of notes to a third person, the legal title remained in the grantor until the payment of the notes.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 85; Dec. Dig. § 54.*]

Error from District Court, Stonewall County; Cullen C. Higgins, Judge.

Trespass to try title by Della Oliver and others against Charles Bordner. Judgment for defendant, and plaintiffs bring error. Affirmed.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

Penix & Eberhart and J. T. Ranspot, for plaintiffs in error. Theodore Mack, A. C. Foster, and R. M. Reed, for defendant in error.

PETICOLAS, C. J. The appellants, as the heirs of Mattie McLaren and John C. McLaren, brought suit against Charles Bordner in trespass to try title in the district court of Stonewall county, which suit resulted in a judgment for the appellee, Charles Bordner.

The land in controversy was purchased by John C. McLaren on March 30, 1891, from Joe L. Haskew for a certain cash payment and assumption by McLaren of two notes for $480, payable to Pumphrey & Kuykendall, dated September 3, 1889, the first of said notes falling due September 3, 1891. At the time of this purchase John C. McLaren and Mattie McLaren were husband and wife, and the facts show the land purchased to have been community property and the assumption of the notes a community obligation. On December 13, 1891, Mattie McLaren died intestate. She left surviving her John C. McLaren and the appellants in this cause. In March, 1892, John C. McLaren, then sheriff and tax collector of Stonewall county, left said county to go to Austin to make settlement with the comptroller of his accounts. Charles Bordner purchased the two notes above described, and brought suit in the district court of Stonewall county, Tex., to foreclose the same. It is not shown at what date said suit was brought. Judgment was taken in said cause November 30, 1894, and shows that the suit was by Charles Bordner against J. C. McLaren, Joe L. Haskew, and H. P. Johnson. The judgment recites that the defendants were duly served with citation as required by law; that they made default; that the court heard the evidence and argument, and rendered a judgment that Charles Bordner do have and recover of and from Joe L. Haskew $884 and interest, etc.; that the vendor's lien as it existed upon the 3d day of September, 1889, be foreclosed in favor of plaintiff, and against all the defendants and for an order of sale, etc. A sale was had under this judgment. The land was purchased by Moses Bordner, who conveyed the title so acquired by him to Charles Bordner. There was also proof of possession by Charles Bordner under the statutes of limitation, and proof of a purchase by Charles Bordner under another judgment in the county court, but under the view we take of the case it will not be necessary to advert further to these matters. Since John C. McLaren left Stonewall county, in March, 1892, he has never reappeared. The testimony shows that rumors were rife concerning him; that he was said to have been killed in Weatherford; that he was said to have been heard of at various points; that a letter was received from a sheriff, saying that he could produce the man. To state the testimony

145 S.W.—42

succinctly, there was no direct evidence showing that McLaren was dead, and no direct evidence showing that he was alive. The entire evidence on the subject consists of rumors and hearsay testimony of different sorts, and it is so conflicting that no conclusion can be drawn from it. The trial court concludes by conclusions of fact filed October 22, 1899, that there is no evidence in the record of any one having seen the said McLaren within the past seven years, or since the year 1892. "I therefore find that J. C. McLaren is dead, not as a fact, from the testimony, but as a presumption of law, from his continued absence for more than seven years."

The first 14 assignments of error presented by appellants attack the conclusions of fact of the trial court. As the testimony is sufficient to sustain the conclusions of the trial court, all of these assignments are overruled.

[1, 2] The fifteenth to twenty-first assignments of error attack the court's conclusions of law. They need not be discussed separately, but what we find it necessary to say disposes of all of them. It is a general rule of law in this state that in a collateral proceeding the only contingency in which the judgment of a domestic court of general jurisdiction which has assumed to act can be questioned is where the record affirmatively shows that jurisdiction did not attach. See Murchison v. White, 54 Tex. 82; Letney v. Marshall, 79 Tex. 515, 15 S. W. 586; Hardy v. Beaty, 84 Tex. 562, 19 S. W. 778, 31 Am. St. Rep. 80; Crawford v. McDonald, 88 Tex. 632, 33 S. W. 325; Mills v. Herndon, 77 Tex. 90, 13 S. W. 854; Wilkerson v. Schoonmaker, 77 Tex. 615, 14 S. W. 223, 19 Am. St. Rep. 803. It follows, therefore, that the recital in the judgment above mentioned in favor of Charles Bordner that the defendants were duly cited is conclusive as a general proposition against a collateral attack, which the attack in this case is. We do not find it necessary to affirmatively decide that, if McLaren had been shown to be dead prior to service of citation in the case mentioned, it would not affect that judgment in a collateral attack (though we incline to the view that such is the law), for two reasons: First. Although appellants state that the citation in the suit of Bordner against McLaren was by publication, they do not in their brief cite us to any portion of the record which so shows, and we do not find anything in the record so showing. It follows, as far as we are able to ascertain, that the judgment may have been rendered upon personal service. Second. McLaren is not yet shown to have been dead at the time of the service of the citation in that case. It is true that the trial court concludes that at the time of this trial in 1899, by reason of the lapse of seven years, McLaren is presumed to be dead; in other words, McLaren is legally dead, but McLaren never became legally dead until the expiration of seven years from 1892, which

was long after the service of citation and the judgment in the case referred to. If the judgment referred to can be attacked collaterally on the ground that McLaren was dead at the time of service of citation, the burden was certainly upon appellants to establish that fact. This they have failed to do, and therefore the judgment in the case of Bordner v. McLaren remains a valid and subsisting judgment.

[3] It is further contended by the appellants that that judgment is ineffective as against them because they are the heirs of Mattie McLaren, and were not made parties to said suit. This contention is not tenable, for a number of reasons: First, as the purchase by McLaren was a community purchase and the obligation assumed by him a community obligation, being given for the purchase money of the land, it is apparent that the judgment is founded upon a community debt. A judgment against a surviving husband in a suit filed after the death of the wife, for the recovery of a community debt, is binding upon the community property, although the heirs of the wife are not made parties to the suit. A sale under such judgment passes to the purchaser the right and title which had vested in the community. Carter v. Connor, 60 Tex. 53; Leatherwood v. Arnold, 66 Tex. 416, 1 S. W. 173; Hill v. Osborne, 60 Tex. 392; Hinzie v. Robinson, 21 Tex. Civ. App. 9, 50 S. W. 638.

[4, 5] It is contended by appellants that the sale from Pumphrey & Kuykendall to McLaren vested the title in McLaren subject to their right to recover the purchase money, and that, therefore, if the judgment of Bordner v. McLaren is valid, they have the right to pay off the notes and redeem the land. This is not the law. The legal title remained in Haskew until the payment of the notes by McLaren or Pumphrey & Kuykendall. In the suit then brought to foreclose those notes, McLaren would have had the right to pay off the notes and defeat the judgment, but, having failed so to do, the judgment of foreclosure and sale thereunder divested all the title which the community estate had, and it became vested in Charles Bordner. There is no longer any right of redemption or right to pay off said notes.

For the reasons above indicated, the cause is affirmed.