**RINGGOLD v. GRAHAM et al.**
(No. 990—5149.)

Commission of Appeals of Texas, Section B.
Feb. 13, 1929.

O. D. Beauchamp, R. D. Oswalt, and John Myers, all of Crowell, for plaintiff in error.

Jesse Owens, of Crowell, for defendants in error.

LEDDY, J. Plaintiff in error dispossessed defendants in error of certain premises under a judgment rendered in a forcible detainer case in the justice court of Foard county. The day following such dispossession they attempted to appeal from the judgment to the county court, by filing with the justice of the peace a bond signed by them, but with no sureties. Such bond was approved by the justice of the peace, who attached thereto a certificate reciting the receipt by him of $150 "as appeal bond."

Upon a trial in the county court, defendants in error were found not guilty of forcible detainer, and judgment was entered accordingly. Thereupon plaintiff in error filed this suit in the district court of Foard county, in which he obtained a temporary injunction restraining the issuance or execution of a writ of possession in favor of defendants in error for the premises in controversy. Defendants in error duly presented their motion to dissolve such injunction, and, upon the same being overruled, perfected their appeal to the Court of Civil Appeals, which court reversed the judgment of the trial court, and rendered same in favor of defendants in error.

The basis for the relief sought by plaintiff in error was that the appeal bond given to transfer the forcible detainer case to the county court, not being in compliance with the statute, was insufficient to confer jurisdiction upon that court; hence the judgment rendered therein was void.

The requirements for an appeal bond in forcible entry and detainer cases are con-

tained in articles 3987 and 3988, R. S. 1925. Article 3987 reads as follows:

"Either party may appeal from a final judgment in such case, to the county court of the county in which the judgment is rendered, by giving notice thereof in open court and by filing with the justice within five days after the rendition of said judgment, a bond to be approved by said justice, and payable to the adverse party, conditioned that he will prosecute his appeal with effect, or pay all costs and damages which may be adjudged against him; and no motion for a new trial shall be necessary to authorize such appeal."

While article 3987 does not, in express terms, require sureties, we think it does so by clear implication. The very purpose of providing for the execution of a bond necessarily implies that it is to be of such a character as to give the party in whose favor a judgment has been rendered some additional guaranty or strength to the demand for which he has recovered the judgment. An instrument, signed only by the parties against whom the judgment has been rendered, is not, in the common and ordinary acceptation of the term, a bond. It would be merely the written agreement of the defendants to do what they would be legally bound to do by the judgment rendered against them.

If the construction of article 3987 is open to doubt, we think the same is removed by the provision of article 3988, which, in prescribing the form of bond, shows that it was intended to be executed by sureties. The form of bond required evidences the purpose of the statute to afford the obligee other security than that of his own judgment. Without surety it would be precisely the same in legal effect as if the bond had not been executed. The bond, being without surety, was not in substantial compliance with the form prescribed by the statute. Minton v. Ozias, 115 Iowa, 148, 88 N. W. 336.

An appeal in this character of proceeding is strictly statutory, and a bond in substantial compliance with the statute is essential to give the appellate court jurisdiction. St. Louis, I. M. & S. R. Co. v. Hurst & Riley (Tex. Civ. App.) 135 S. W. 599; American Warehouse Co. v. Hamblen (Tex. Civ. App.) 146 S. W. 1006; Carter v. Wyrick (Tex. Civ. App.) 98 S. W. 644. It has always been held in this state that the bond required by statute is a condition precedent to the perfecting of an appeal, and a failure to give the same will be ground for dismissal for want of jurisdiction. Logan v. Gay, 99 Tex. 603, 90 S. W. 861, 92 S. W. 255; Williams v. Wiley, 96 Tex. 148, 71 S. W. 12; Young v. Russell, 60 Tex. 684; Smith v. Parks, 55 Tex. 82; McLane v. Russell, 29 Tex. 127.

While the appeal bond was signed by all three of the defendants in error, they were necessarily principals in the bond. Being parties to the proceedings prevented ei-

ther from acting as surety for the other. Daniels v. Larendon, 49 Tex. 216; Labadie v. Dean, 47 Tex. 90; Gordon v. Robertson, 26 Ga. 410; Benson v. Shines, 107 Ga. 406, 33 S. E. 439; Griswold v. Thornton, 129 Ala. 454, 30 So. 717.

The rule is well established that, where a deposit of cash, as security for an appeal, has not been authorized by statute, it is not a sufficient compliance with the statute, which requires a bond to be given, to deposit cash in lieu thereof. 3 C. J. § 1152; Gordon v. Camp, 2 Fla. 23; Sanders v. Mathewson, 121 Ga. 302, 48 S. E. 946; Beckwith v. Kansas City & O. R. Co., 28 Kan. 485; Alvord & Sons v. Mallory & Sons, 10 Ky. Law Rep. 80; Brown v. Brown, 12 S. D. 380, 81 N. W. 627.

The right to accept a deposit of cash in lieu of a bond is derived from the law, and not from the court; and where the statute requires a bond, and does not authorize a deposit in lieu thereof, the court is without authority to accept such deposit. Beckwith v. Kansas City & O. R. Co., cited above.

It is asserted that the approval of the appeal bond by the justice of the peace is conclusive on collateral attack. The approval of an appeal bond by the justice of the peace is only conclusive as to the sufficiency of the sureties. Shelton v. Wade, 4 Tex. 148, 51 Am. Dec. 722; Scranton v. Bell, 35 Tex. 413. The appeal could only be allowed by the justice upon the filing of such a bond as the statute required, and an approval of any other would be unauthorized and of no effect. State v. White, 41 N. H. 194; Minton v. Ozias, 115 Iowa, 148, 88 N. W. 336.

Whether the judgment of the county court is void, or voidable, must be determined from an inspection of the record. It is the general rule that, if the record discloses the court rendering such judgment was without jurisdiction, the same is void, and open to contradiction or impeachment in a collateral proceeding. If it does not, the judgment is merely voidable, and can only be attacked in a direct proceeding. Morris v. Halbert, 36 Tex. 19; Maury v. Turner (Tex. Com. App.) 244 S. W. 809; Aleman v. Gonzales (Tex. Civ. App.) 246 S. W. 726; Edinburg Irrigation Co. v. Ledbetter (Tex. Civ. App.) 247 S. W. 335; Harris v. Wise (Tex. Civ. App.) 191 S. W. 588; McCamant v. McCamant (Tex. Civ. App.) 187 S. W. 1096; Waterman Lumber & Supply Co. v. Robins (Tex. Civ. App.) 159 S. W. 360; Oliver v. Bordner (Tex. Civ. App.) 145 S. W. 656; Barrett v. Eastham, 28 Tex. Civ. App. 189, 67 S. W. 198.

Inasmuch as it appeared from the record itself that the county court of Foard county was without jurisdiction to render a judgment against plaintiff in error, its action in doing so was void; hence the trial court properly overruled defendant in error's motion to dissolve the injunction.

We therefore recommend that the judg-

ment of the Court of Civil Appeals be reversed, and the judgment of the trial court affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and that of the district court affirmed.