## UNIVERSAL AUTOMOBILE INS. CO. v. CULBERSON et al.

### No. 1281.

Court of Civil Appeals of Texas. Waco.

June 30, 1932.

T. R. Mears, of Gatesville, and Williams, Williams, McClellan & Lincoln, of Waco, for appellant.

R. B. Cross and Robt. W. Brown, both of Gatesville, for appellees.

PER CURIAM.

Appellees, in the district court of Coryell county, recovered against appellant separate judgments amounting in the aggregate to $11,631.26, with interest from date of judgment and costs of suit, from which judgment it has prosecuted an appeal to this court. Appellant elected to perfect its appeal by giving a supersedeas bond, as required by article 2270 of the Revised Statutes. The obligation assumed by the terms of said bond is expressed as follows: "We, the said Universal Automobile Insurance Company, as principal, and the other subscribers hereto, as sureties, acknowledge ourselves bound to pay unto the said D. H. Culberson and said Minnie Lou Witt the sum of $25,000.00, conditioned that said Universal Automobile Insurance Company, appellant, shall prosecute its appeal with effect," etc. Immediately following the date line, the name of the Universal Automobile Insurance Company appears twice in succession, followed by the names of John A. Willis and R. M. McWhirter. Immediately following the name of McWhirter is the word "sureties." Appellees have filed a motion asking that appellant be required to execute and file a new or addi-

tional supersedeas bond, as required by Revised Statutes, article 2272. Appellees allege in that connection that the sureties, John A. Willis and R. M. McWhirter, are not good and solvent sureties, in that they do not own property subject to execution in the amount of such bond, and submit affidavits tending to support such allegation. Appellant in effect concedes that said sureties are insufficient, but resists appellees' motion on the grounds hereinafter discussed.

Appellant's first contention in this connection is that article 2270 does not require a solvent defendant in judgment to procure sureties on his supersedeas bond. Said article, in brief, requires a defendant in judgment, who desires to suspend the execution of the same pending appeal, to give "a good and sufficient bond to be approved by the clerk," payable to plaintiff in judgment in double the amount of such judgment, interest, and costs. Prior to the revision of 1925, a defendant in judgment who desired to suspend the execution of the same pending appeal, was required to give "a bond with two or more good and sufficient sureties, to be approved by the clerk," payable to plaintiff in judgment in double the amount of such judgment, interest and costs. Such in effect was the provision of article 789, Hartley's Digest, and of corresponding articles in the several intervening compilations and revisions. The Legislature, however, in 1897 (General Laws 25th Leg., chap. 130, p. 190, art. 642, subdivision 37), authorized the formation of corporations with authority, among other things, to become sureties on bonds required in judicial proceedings, and provided that if a corporation so formed should be considered by the officer charged with the duty of accepting or approving any such bond, sufficient security for the amount thereof, same might be accepted and approved without being signed by any other surety than such corporation regardless of existing statutes requiring any such bond to be signed by two or more good and sufficient sureties. Substantially the same provision now constitutes a part of article 4969 of the Revised Statutes of 1925. Apparently the change in article 2270 was made in an attempt to harmonize such theretofore conflicting provisions.

■ We have in this connection reviewed various other provisions of our statutes requiring the execution and approval of bonds in cases of appeal. Bonds on appeals from the justice to the county court and in case of certiorari from the latter to the former court are required to have two or more good and sufficient sureties. R. S. articles 2456 and 947. In cases of certiorari from the district to the county court in matters of probate the statute simply required a bond, but if such bond is to further operate as a supersedeas, two or more good and sufficient sureties are required. R. S. articles 934 and 935. When the Supreme Court grants a writ of error to a party who has not theretofore given a bond in the cause, that court in granting the writ is directed by statute to require a bond. R. S. article 1747. When the defendant in judgment in the county or district court elects to appeal upon cost bond only, the statute merely requires that he shall execute a bond. R. S. article 2265. Where a judgment is rendered against the appellant in a Court of Civil Appeals or in the Supreme Court, the statutes require that judgment shall be rendered both against him and the sureties on his appeal or supersedeas bond. R. S. articles 1767 and 1857. Consideration of the above statutes as a whole reveals that in every case (except appeals in forma pauperis and where the defendant in judgment is specifically exempted) a bond is required to perfect an appeal, whether such bond is to operate merely as security for costs or as supersedeas. In some cases a bond with two or more good and sufficient sureties is required. R. S. articles 935, 947, and 2456. In other cases only a "bond" is required. R. S. articles 934, 1747, and 2265. In article 2270, here under consideration, a "good and sufficient" bond is required. In all cases it is expressly provided that the bond must be approved by the justice of the peace or the clerk of the court to which it is tendered. Our Supreme Court, in Shelton v. Wade, 4 Tex. 148, 150, 51 Am. Dec. 722, declared that the principal in an appeal bond is as effectually bound by the judgment rendered on appeal without signing the appeal bond as he could have been by signing the same. Such holding has been repeatedly and consistently followed. Pryor v. Johnson (Tex. Civ. App.) 45 S. W. 39; Karnes County v. Nichols (Tex. Civ. App.) 54 S. W. 656; Guevara v. Guevara (Tex. Civ. App.) 249 S. W. 525, par. 2. The sole purpose of requiring an appeal or supersedeas bond must therefore necessarily be to furnish security to the appellee in addition to the personal responsibility of the appellant. Automobile Insurance Co. v. Teague (Tex. Com. App.) 32 S.W.(2d) 824. We therefore conclude that the "good and sufficient" supersedeas bond required by said article 2270 is one signed by a solvent surety or sureties approved by the clerk.

■ Appellant's second and alternate contention is that it has signed the supersedeas bond in this case not only as principal therein but also as surety, and that being authorized by law to become sole surety on all bonds required in judicial proceedings, it has authority and capacity to become surety for itself on the bond in this case. A "surety" is defined by the Standard Dictionary as "a person who engages to be responsible for the debt, default or miscarriage of another." Such is also the legal meaning and use of that term. Magill v. Brown, 20 Tex. Civ.

App. 662, 50 S. W. 143, 642; 7 Words and Phrases, Third Series, 318. The relation of principal and surety as applied to individuals necessarily involves separate personalities. The surety, by his contract of suretyship, assumes obligations resting primarily on the principal and acquires for his protection certain legal rights and equities against his principal. The two positions are inconsistent. A person cannot be surety for himself. Hudson v. Smith, 111 Iowa, 411, 82 N. W. 943. The rule is the same notwithstanding the judgment debtor is itself a surety company. Smith v. Beard, 21 Wash. 204, 57 P. 796. Joint defendants in judgment cannot become sureties for each other on appeal. Ringgold v. Graham (Tex. Com. App.) 13 S. W.(2d) 355, 356, par. 3, and authorities there cited. Appellant, in support of its contention, stresses the fact that it is required by law to keep, and does keep, securities to the amount of $50,000 on deposit with the treasurer of the state to secure the payment of any judgment recovered against it on any bond, undertaking, recognizance, or other obligation upon which it has become surety, and that said treasurer is directed, upon default by it in the payment of any such judgment, to pay the same out of such deposit. R. S. articles 4971 and 4976. Clearly these statutes are applicable only to judgments against appellant as surety on some obligation. The judgment rendered against it in this case is not of that character. Since under the authorities above cited appellant could not become surety for itself, no right to demand payment out of its securities in the hands of the treasurer would accrue to appellees by reason of any failure on its part, upon affirmance of this judgment, to promptly pay the same.

Appellees' motion is granted and appellant is required to give an additional supersedeas bond in like amount as the original to be approved by the clerk of this court. The statutory period of twenty days after service of this order is allowed appellant in which to comply with the same.