Estella Buttolph and Louise Buttolph, Plaintiffs, Appellants, v. Town of Postville et al., Defendants, Appellees.

No. 45455.

March 18, 1941.

Rehearing Denied June 20, 1941.

D. D. Murphy & Son, for plaintiffs, appellants.

G. B. Richter and Joseph B. Steele, for defendants, appellees.

OLIVER, J.—To perfect an appeal to district court on such special assessment the person affected (in addition to serving notice and filing a petition) must file, in the office of the clerk of said court, an appeal bond approved by said clerk, conditioned for the payment of all costs which may be adjudged against plaintiff. Section 6064, Code of Iowa, 1939. In this case the ground of the motion to dismiss the appeal sustained by the district court was that appellants had failed to comply with the statutory requirement that the bond be approved by the clerk of the district court.

When the appeal to district court was taken the clerk was ill and the bond was tendered along with the petition and notice of appeal to an assistant, who had been placed in sole charge of the office of said clerk. This assistant merely placed the official filing stamp upon the bond, and, without considering it, filed it with the other papers in the case. Nor was the bond ever formally approved by the assistant or the clerk. Code section 12759.1 (enacted in 1929) provides that the filing, by an approving officer, of a duly tendered appeal bond shall carry the presumption until the contrary is established that said officer approved the bond even though no formal approval is endorsed on the bond.

Appellee contends the filing of the bond by the assistant to the clerk was not sufficient to generate this presumption of approval because the assistant was not a regularly appointed deputy and had not been authorized to approve bonds. With this contention we do not agree. Obviously, the rights of litigants and others should not be snuffed out by the incapacity of the clerk and his placing of an assistant in sole charge of his office in his place with apparent authority to perform its routine duties. Murphy v. Lentz, 131 Iowa 328, 108 N. W. 530. However, this situation is a circumstance which may be considered in determining whether or not the record showing was sufficient to overcome the presumption raised by the filing of the bond.

Code section 12754 provides that the surety in every bond provided for by law must be a resident of this state. Mr. Homuth, the only surety in this bond, was not a resident of the state. The bond tendered with such disqualified surety was not such bond as the statute required. Nor could the clerk, in the

exercise of his discretion, have properly approved it. Porter v. Telegraph Co., 133 Iowa 747, 111 N. W. 322, 12 Ann. Cas. 585; Hudson v. Smith Bros., 111 Iowa 411, 82 N. W. 943. From his standpoint the bond was invalid, and its approval interdicted because the surety thereon was not qualified. The statutory presumption attendant upon the filing of a bond is for the benefit of valid bonds. Mills v. Board of Supervisors, 227 Iowa 1141, 290 N. W. 50. To extend this presumption to a bond clearly invalid would result in its conflict with the presumption that the clerk, as a public official, acted legally.

However, appellants contend that no surety is required upon this bond because the statute does not expressly mention sureties. The sole purpose of the bond is to secure payment of a judgment for costs, which may be rendered against its principals as appellants. Without sureties such bond would be of no benefit. Minton v. Ozias, 115 Iowa 148, 88 N. W. 336. The interpretation sought by appellants would render ineffectual similar provisions in various other statutes. It is contrary to statutory expression concerning the sureties in bonds provided for by law as well as to the generally accepted conception that a statutory bond is synonymous with additional security. Hudson v. Smith Bros., 111 Iowa 411, 82 N. W. 943. We think it is without merit.

Appellants also contend the trial court should have permitted the correction of the defects in the bond or the furnishing of a new bond under Code section 12753, which permits the rectification of defects in bonds. This statutory provision appears in the chapter with Code section 12759.1, and it would seem that the two sections should be considered together. But the cases interpreting section 12753 clearly differentiate between bonds merely defective or irregular in form and those which are classed as invalid or void. They hold that a void bond is the same as no bond at all so that in such case there is no bond to form a basis for correction under section 12753. The absence of a qualified surety places this bond in that category. Therefore, we think the court properly refused to permit the so-called rectification of the defects in this bond, or the giving of a new bond. Brock v. Manatt, 1 Iowa (Clarke) 128; Mitchell v. Goff, 18 Iowa 424; Fairfield v. Jefferson County, 168 Iowa 623, 151 N. W. 53; Woodard v. Iowa City, 212 Iowa 326, 232 N. W. 806;

McCord v. Cherokee, 180 Iowa 448, 161 N. W. 440; Sutton v. Bower & Perkins, 124 Iowa 58, 99 N. W. 104; Minton v. Ozias, 115 Iowa 148, 88 N. W. 336.

We conclude the statutory presumption of approval arising from the filing of the bond was overcome and the contrary was established by the showing in this case and that the trial court properly dismissed the appeal.

Appellees' motion to dismiss this appeal, which was submitted with the case, is overruled.—Affirmed.

CHIEF JUSTICE and all JUSTICES concur.