## PRUITT v. EDWARDS et al.

### No. 6285.

Court of Civil Appeals of Texas. Texarkana.

May 22, 1947.

C. B. Bunkley, Jr., of Dallas, for appellant.

Carney, Carney & Mays, of Atlanta, for appellees.

WILLIAMS, Justice.

George Epperson and Nettie Epperson, his wife, acquired in 1911 as community property the 58.5 acres tract in controversy, out of the Joshua J. Hudson Survey in Cass County. The total purchase price was represented by one certain note which was executed by George Epperson, the grantee named in the deed. The vendor's lien was retained in the deed to secure its payment. This note was never paid, but renewed from time to time. Prior to Nettie Epperson's death, she had joined her husband in the execution of two promissory notes together with a deed of trust lien securing their payment, which had been executed by them in renewal, extension and in lieu of the original vendor's lien note given for the purchase price of the land. The above constituted a valid outstanding lien at the time of Nettie's death in 1936, to secure the indebtedness represented by the notes. Nettie died intestate, leaving five children. No administration was had upon her estate and none was necessary. In 1937, George Epperson, the surviving husband, joined by Pinkie Pruitt and three other children of the marriage conveyed "all their interest in said land" to George McNary and his wife, Lorene McNary, the fifth child.

Thereafter, in 1937, M. G. Campbell, the holder of above two notes and lien, as a result of a suit against George Epperson, the surviving husband, and the McNarys, obtained a judgment against George Epperson in the amount of the debt represented by the notes together with a foreclosure of the lien on the land here involved. The land was subsequently sold under the order of sale growing out of this judgment. Rufus Edwards through mesne conveyances held title at the time the instant suit was filed.

Appellant, Pinkie Pruitt, the plaintiff below in the instant suit, who was not a party to above mentioned Campbell foreclosure suit, sought to recover a one-tenth interest in the land, the portion she claims to have inherited through her mother. In addition to a plea of not guilty, appellee Rufus Edwards, a defendant below, plead the judgment and judgment roll in the Campbell suit as res adjudicata of the matters being urged in the present suit. Campbell, the other defendant filed a disclaimer. A trial to the court resulted in a judgment which denied plaintiff a recovery. This record sustains such a judgment.

Pinkie Pruitt, as an heir of her mother, was not a necessary party to the suit of Campbell to foreclose his lien. The judgment which subjected community property to a valid lien to satisfy a community debt against the surviving husband is binding upon the community property there involved, although the wife's heirs were not made parties to that (Campbell) suit. Carter v. Conner, 60 Tex. 52; Oliver v. Bordner, Tex.Civ.App., 145 S.W. 656; Curtis v. Speck, Tex.Civ.App., 130 S.W.2d 348, 351;

Stone v. Jackson, 109 Tex. 385, 210 S.W. 953; Ruby v. Davis, Tex.Civ.App., 277 S. W. 430.

The petition in the Campbell suit and the judgment therein entered, introduced by plaintiffs in the present trial, each contain a recital that Pinkie Pruitt and other children, naming them, had theretofore executed and delivered a deed to the McNarys, "conveying all their interest in said land." No evidence introduced shows to the contrary. In view of the conclusions first herein reached we pretermit further details of the evidence on the counter point of appellee that the judgment of the trial court can be further sustained on the claim that plaintiff wholly failed to show title in the land sued for.

The judgment is affirmed.