HERMAN OLDENKAMP, appellant, v. INCORPORATED TOWN OF HULL, appellee.

No. 49283.

(Reported in 87 N.W.2d 444)

JANUARY 14, 1958.

Cornelius Van De Steeg, of Orange City, for appellant.

Van Oosterhout, Te Paske & Rens, of Orange City, for appellee.

THOMPSON, J.—The present appeal is from a ruling and judgment of the trial court which sustained a special appearance based on the invalidity of the appeal bond which the plaintiff filed in attempted compliance with section 391.89(2) of the Code of 1954. The defendant, Town of Hull, had attempted to levy certain assessments against real estate in the town for sanitary sewer construction. The plaintiff and at least two others, Gerrit Oldenkamp and David De Jong, owners of certain lots affected, filed objections. When these were overruled, an appeal was taken to the district court of Sioux County, with the result above noted.

I. The legal questions involved here arise through the peculiar way in which the plaintiff's action was brought. Paragraph 1 of his petition says: "That to avoid a multiplicity of suits, the plaintiff is bringing this appeal from special assessments in his own behalf and for Gerrit Oldenkamp and David

De Jong, and as such plaintiff alleges that the plaintiff and the said Gerrit Oldenkamp and David De Jong are the owners of the tracts of real estate located in Hull, Iowa, set out in Exhibit 'A' hereto attached and by reference made a part of this petition and were such owners during all the times hereinafter set out, to wit: for more than two years last past."

Then follow certain challenges to the validity of the assessments, included in which is that the valuation fixed on the lots is grossly in excess of their fair market value. Exhibit "A", referred to in paragraph 1 of the petition, describes certain parcels of land. Those in what is denominated as Tract 1 are listed as "owned by Herman Oldenkamp"; those in Tract 2, as "owned by Gerrit Oldenkamp"; and those in Tract 3, as "owned by David De Jong and wife."

The appeal bond filed by the plaintiff in purported compliance with section 391.89(2) supra, was in the amount of $1000. It commences: "We, the undersigned, Herman Oldenkamp, as principal, and Gerrit Oldenkamp and David De Jong, as sureties, etc." It is signed by Herman Oldenkamp, as principal, and by Gerrit Oldenkamp and David De Jong as sureties, and the sureties justify in proper form.

The gist of the special appearance which the court sustained was that the only sureties upon the appeal bond are parties who are in fact appellants from the action of the defendant-town in denying their objections to the assessments. The contention is that an appellant cannot act as his own surety. This is the law. Hudson v. Smith Bros., 111 Iowa 411, 412, 82 N.W. 943, 944. If a proper bond as required by the statute is not filed, the court to which the appeal is taken acquires no jurisdiction. Hudson v. Smith Bros., supra; Minton v. Ozias, 115 Iowa 148, 150, 88 N.W. 336, 337; Woodard v. City of Iowa City, 212 Iowa 326, 328, 232 N.W. 806, 807; Buttolph v. Town of Postville, 230 Iowa 89, 91, 296 N.W. 817, 819.

The plaintiff states five propositions relied on for reversal. The first is that none of the authorities cited by the trial court in support of its ruling is applicable; a purely negative ground. Proposition No. 2 is that the Rules of Civil Procedure authorize one litigant to represent others when the nature of the right involved presents a common question of law and fact and a com-

mon relief is sought. No. 3 is that parties may do in the first instance what they can do after separate suits have been brought —consolidate their actions. No. 4 says a misjoinder of parties is not a ground for dismissal of the action; and No. 5, that a party need not be interested in obtaining, or defending against, all the relief demanded.

None of these raises the important question upon which the trial court decided the question of lack of jurisdiction. It was the thought of the court that Gerrit Oldenkamp and De Jong were in fact parties to the action, since Herman Oldenkamp, the named plaintiff, purported to act for them and their properties were listed in Exhibit "A" and relief was demanded for them from the special assessment. It is suggested by the plaintiff that their claims might have been assigned to him. Whether this could have been done we do not decide; there is no pleading, or other showing, that any assignment was made. If, as plaintiff's proposition No. 2 alleges, plaintiff was representing Gerrit Oldenkamp and De Jong, they were in effect parties to the action through such representation. Propositions Nos. 3 and 4, relating to the right to consolidate actions and to misjoinder of parties, seem to admit that Gerrit Oldenkamp and De Jong were parties.

These propositions do not reach the real point involved, which is the validity of the bond filed. In fact, so far as they touch the question at all, they are admissions that the sureties on the bond were also parties plaintiff. We are not concerned with the question whether they had a right to join with the named plaintiff in bringing the action. It is true the defendant might have attacked the petition in other ways, as by motions to strike the allegations that plaintiff was acting on behalf of the other two objectors as well as for himself, and the descriptions of their real estate from Exhibit "A"; or by motions to divide and separate, or in some manner raising the question of misjoinder of parties; or by a motion to dismiss, or possibly in other ways. We do not pass upon the legal questions that would have been involved in such attacks, but suggest them because plaintiff's propositions relied upon for reversal and much of his argument revolve around an attempt to support the manner of bring-

ing the action in behalf of all three parties. In so doing, he flees when no man pursueth.

The defendant and the trial court took the case as made by the petition, and the plaintiff cannot object that they have done so. We have pointed out that plaintiff seems to concede that all three persons—Gerrit Oldenkamp, David De Jong and himself—are parties to the action; and in substance this must be so. Gerrit Oldenkamp and David De Jong are seeking relief through the petition in the same manner as though they had filed separate actions. The vital question is not whether they had a right to do so, but whether they could qualify as sureties upon an appeal bond when they are themselves parties to the appeal. Arguments that they had the right to unite in one action do no more than to confirm their status as parties. The plaintiff and his co-objectors chose their ground and cannot complain if they are met there.

Accepting their pleading and their contentions here that they had a right to bring their actions as one, and that at the most there is no more than a misjoinder of parties, it follows that the proposed sureties could not act as such. The record shows no proper bond was filed, and the trial court lacked jurisdiction of the appeal.—Affirmed.

All JUSTICES concur except SMITH, J., who takes no part.