JOY JENSWOLD, appellant, v. VICTOR P. PETERSON et al., appellees.

No. 50293.

(Reported in 108 N.W.2d 363)

APRIL 4, 1961.

REHEARING DENIED JUNE 13, 1961.

Robert F. Culver, of Emmetsburg, for appellant.

M. W. H. Morling, of Emmetsburg, for appellees.

HAYS, J.—In May 1956, by ex parte order, Joy Jenswold obtained a temporary injunction against Victor P. Peterson and T. L. Eglund. In lieu of a $500 bond with sureties to be approved by the clerk of court, he deposited with the clerk a certificate of deposit in the sum of $1500. In August 1956, upon motion of defendants, the trial court vacated the temporary injunction and dismissed the cause of action. In August 1959, letters of administration were granted in the estate of Joy Jenswold, deceased, and proper notice of the appointment of an executrix was given.

In May 1960 said executrix applied to the court for the return to her of the $1500 certificate of deposit held by the clerk, based upon defendants' (in the original injunction suit) failure to file a claim for damages against the Joy Jenswold estate within the statutory period for filing claims. A resistance was filed by defendants although they admit no claim was filed. On a hearing the trial court held a failure to file against estate of deceased principal does not release a surety and denied the application. The executrix appeals.

I. The question raised here on appeal is a limited one and presents a question not heretofore considered by this court. Briefly, it may be stated as follows: Do the usual rules relative to principal and surety upon a bond apply where, instead of a bond with sureties, the principal deposits cash, or its equivalent, in lieu of said bond. The trial court held that they did.

Rule 327, R.C.P., directs that before a temporary writ of injunction shall issue, the applicant shall file a bond with sureties to be approved by the clerk of court from which the writ issues. It clearly contemplates and provides for a written instrument to be signed by the plaintiff as principal and by one or more persons as sureties. Whether plaintiff, in instant case, signed any writing does not appear from the record but it clearly appears no other person ever signed the instrument, if one existed, as surety. While the question is not raised and we do not determine it, whether a valid bond ever existed, see Hudson v. Smith Bros., 111 Iowa 411, 82 N.W. 943; Ex parte Cattell, 146 Ohio St. 112, 64 N.E.2d 416, 164 A. L. R. 312, all parties so assumed, including the trial court, and we proceed under such an assumption.

The trial court held "the certificate of deposit was filed * * * in lieu of the statutory bond * * *; that such certificate of deposit is liable * * *, the same as sureties on a surety bond would be * * *; that such liability as between the defendants and the bond is contractual; that the liability of the plaintiff and of the bond is joint and several; that the defendants are not required to first make their claim against the plaintiff or his estate as a prerequisite to enforcing their claim against the bond."

Assuming that we are dealing with a statutory bond, i.e.,

a principal and a third person as a surety, we agree with the trial court in his statement of the law thus applicable. In re Estate of Carpenter, 210 Iowa 553, 231 N.W. 376; 72 C. J. S., Principal and Surety, section 211; Annotation, 50 A. L. R. 1214. However, the instant case presents an entirely different situation, which does not warrant the foregoing assumption, and poses the question whether the general rule of law, above stated, applies here. We say not.

Section 635.68, Code of 1958, provides that all claims against an estate not filed within six months from notice of the appointment of an executrix will be barred, with some exceptions not applicable here. We think all parties will agree that in so far as the principal's (Joy Jenswold) liability is concerned, the above statute has eliminated that. As to the surety? In Pitkins v. Boyd, 4 Iowa (G. Greene) 255, 259, this court defines a surety to mean, in law, one who enters into a bond, or recognizance, to answer for another's appearance in court, or for his payment of a debt or for the performance of some act. Clearly no surety exists here within the above definition. It is clear that the certificate of deposit was the principal's property at the time it was deposited with the clerk and has remained his property subject to any claims of the defendants. It was liable for such claims before it was deposited, just as all of principal's property was, and defendants have gained nothing by the deposit except, perhaps, a more speedy means of recovery on such claims. By no stretch of the imagination may this certificate of deposit be declared to be a surety. The most that can be said for the instant case, if the term surety is to be used, is that the principal was his own surety, a situation which this court has said cannot exist. Hudson v. Smith Bros., 111 Iowa 411, 82 N.W. 943; Oldenkamp v. Incorporated Town of Hull, 249 Iowa 471, 87 N.W.2d 444.

Whatever recourse defendants have from the issuance of the temporary injunction must of necessity be against the estate of the deceased principal. The defendants admit no claim was ever filed in said estate and the time for so filing having passed they have waived what rights they may have had.

██ The judgment of the trial court is reversed and the cause remanded with directions to enter an order releasing the certificate of deposit to said executrix, subject to payment of the costs in the original action.—Reversed and remanded.

All JUSTICES concur except BLISS, J., who takes no part.