D. G. McQUEEN and JANET McQUEEN, appellants, v. T. R. GARRETT and MYRTLE GARRETT, appellees.

No. 51090.

(Reported in 124 N.W.2d 166)

OCTOBER 15, 1963.

J. Blaine Phipps, of Des Moines, for appellants.

R. K. Craft, of Adel, for appellees.

HAYS, J.—The sole issue here goes to the jurisdiction of the district court in an appeal under section 113.23, Code of 1962.

T. R. and Myrtle Garrett, under section 113.3, Code, in a controversy with D. G. McQueen and Janet McQueen over a partition fence, called upon the township trustees to act therein as fence viewers. On August 27, 1962, said trustees, as fence viewers, returned a decision adverse to the McQueens who have appealed under section 113.23, Code. A special appearance was filed by the Garretts on September 21, 1962, and on December 27, 1962, the trial court sustained the same. The McQueens appeal.

The facts are as follows: August 27, 1962, the fence viewers rendered their decision. On September 12, 1962, appellants served notice of appeal upon the Garretts. On the same date the clerk of the Board of Trustees filed his certificate and order of the fence viewers with the clerk of the Dallas District Court.

On September 21, 1962, appellees filed a special appearance in which it was alleged that no bond was filed and also no petition was on file, as required by rules 358 and 368, Rules of Civil Procedure. The special appearance was sustained by the trial court December 27, 1962.

January 4, 1963, the township clerk filed a bond with the clerk of district court dated September 6, 1962, but not approved by said township clerk. January 21, 1963, appellants moved for extension of time and for a rehearing upon the special appearance and supported same by affidavit of their attorney. January 24, 1963, appellees filed a special appearance to said motion based primarily upon the absence of a bond and upon the prior decision. On said date the trial court overruled said motion for an extension of time to file the motion for rehearing. On said date notice of appeal to this court was filed.

Appellants assert three errors: (1) Error in sustaining special appearance for failure to file appeal bond. (2) Error concerning time for ruling on failure to file petition on appeal. (3) Error in holding motion for extension of time for new trial must be made within ten days.

I. We will briefly discuss error No. 3.

The trial court ruled on the special appearance on December 27, 1962. January 21, 1963, appellants filed motion to extend time and a motion for new trial. This is covered by R. C. P. 247, which states that a motion for a new trial *must* be filed within ten days after the verdict, report or decision is filed, unless the court, for good cause shown and not ex parte, grants an additional time not to exceed thirty days. No additional time was ever asked by appellants, so far as appears from the record. Under above rule the motion herein was required to be filed by January 6, 1963, but actually was not filed until January 21, 1963. It was not filed in time and we find no error in overruling same. Street v. Steward, 226 Iowa 960, 285 N.W. 204; White v. The Guarantee Abstract Co., 96 Iowa 343, 65 N.W. 305.

II. Was the filing of an appeal bond necessary to perfect an appeal? Section 113.23, Code of 1962, provides: "An appeal may be taken to the district court from any order or decision of the fence viewers by any person affected, in the same manner

appeals are taken from justices of the peace, except that the appeal bond shall be approved by the township clerk, in which event the township clerk, after recording the original papers, shall file them in the office of the clerk of the district court, certifying them to be such, and the clerk shall docket them, entitling the applicant or petitioner as plaintiff, and it shall stand for trial as other cases."

Appeals from justice of the peace courts are governed by rules 357 and 358, R. C. P. Rule 357 provides for the notice of appeal and the manner in which it is to be given. No issue as to this is here involved. Rule 358 states: "The appeal bond must be filed in the office of the clerk of the court to which the appeal is taken, within twenty days after the rendition of the judgment appealed from. It shall be in an amount determined by the clerk to be sufficient to secure the judgment and costs of appeal and with sureties approved by said clerk."

Under section 113.23, rule 358 governs except that the bond must be approved by the township clerk.

Under the record the decision upon the special appearance was filed August 27, 1962. Under rule 358 a bond on appeal was required to be filed with the clerk of the district court within twenty days thereafter, or on or before September 17, 1962. No bond was filed until January 4, 1963, and after the trial court had sustained the special appearance on the basis of lack of jurisdiction. We think the trial court was correct in holding that the filing of the bond was essential in perfecting an appeal. See Buttolph v. Town of Postville, 230 Iowa 89, 296 N.W. 817; Oldenkamp v. Incorporated Town of Hull, 249 Iowa 471, 87 N.W.2d 444; Minton v. Ozias, 115 Iowa 148, 88 N.W. 336. Under no theory known to us does the filing of an appeal bond long after the time required by statute relate back to such date and correct an otherwise fatal attempt to appeal.

We find no error and the decision of the trial court is affirmed.—Affirmed.

All JUSTICES concur.